*Waddams v. Burnham.*

———— ❊ ————

### SELECTMEN of Windsor
### *against*
### STEPHEN JACOB, Esquire.

SUMMON *Stephen Jacob* to answer unto *William Hunter et al.* selectmen and overseers of the poor of the town of *Windsor*, &c.

Plea in abatement: For that the action is brought by the plaintiffs for the benefit and behalf of the inhabitants of the town of *Windsor*, and the writ is served by *Stephen Conant*, deputy-sheriff, who is an

A deputy sheriff being an inhabitant of a town, is not therefore disqualified from serving a process by summons in favour of the corporation.

31

inhabitant of the town, whereas the. writ ought to have been served by some disinterested officer.

Vermont Stat.
vol. 1. p. 61.

*Jacob Smith*, for the defendant. By the 24th section of the judiciary act it is provided, " that every writ and process issued as aforesaid, shall be directed to the sheriff, his deputy, or some constable of the town where the service is to be made ; except where both sheriff and constable are parties or *interested*, in which case the writ or process may be directed to, and the service made by the high bailiff, or any dis-interested constable within the County, who shall be therein named. And in case no such sheriff, deputy-sheriff, or other officer as aforesaid, can be seasonably had, the writ or process may, by the authority issuing the same, be directed to an indifferent person being named."

We contend that the sheriff's deputy serving this writ is so far interested in the event of the suit, that he was incapable in law of doing the service. The judgment recovered in this action will enure to the treasury of the town of which he is an inhabitant, and if the suit fails, a proportion of the costs is to be responded by a tax levied on his person and property. This interest is direct ; and if not direct, such an in-terest as in analogous cases excludes a person thus situated from testifying ; for to discover the extent of the meaning of the word " *interested*," as used in the law, we must apply ourselves to the decisions in other instances, where the term is mentioned.

In an action against the hundred upon the statute of *Wilton*, the hundredor by common law could not be a witness.

So on an indictment against a County for not re-
pairing a bridge, an inhabitant of the County cannot
be a witness.

Indeed it has been uniformly ruled in this Court,
that in an action against a town for damage occasion-
ed by the want of repair of any highway or public
bridge upon our act for regulating highways, &c. the  *Vermont* Stat.
inhabitants cannot be admitted to testify, because  vol. 1. p. 452.
they are interested.    Is not the interest here the
same ?   The law does not specify to what amount the
sheriff's interest shall be,  but incapacitates him from
the service of a writ where he is any wise interested.

In pursuance of this honourable delicacy in the Le-
gislature to keep all the streams of justice pure, the
act designates other officers, to wit, the high bailiff,
or any disinterested constable within the County; and
if neither of these can be readily procured, to avoid
the impure services of an interested officer, the ma-
gistrate signing the writ is empowered to direct the
service to be done by any indifferent person.


*Amasa Paine,* for the plaintiffs.  We consider the
interest of the officer serving this process, if any, to
be so trivial, that it may be classed among the *de mi-
nimis* of the law.

Anciently, it is true, a hundredor in an action
upon the statute of *Wilton,* was not admitted to tes-
tify; but this over-rigid juridical practice has been
long since done away by the statute of *George* II.
chap. 16.

It was never decided, only *doubted,* whether an in-
habitant of a County could not be a witness on an
indictment for not repairing a bridge.

Selectmen
v.
Jacob.

The truth is, the best systematic writers inform us, " that no general rule can be laid down, but that every case must stand on its own particular circumstances, whether the interest be of that nature, or so considerable as by presumption to produce partiality in the witness." *Bac. Abr.* vol. 2. p. 589.

But how do the decisions respecting the competency of witnesses apply in this case?

Is there not a wide difference in the caution to be observed by the Court in the admission of a witness, whose interest, however remote, or whose prejudices, imbibed by living in the litigating corporation, might imperceptibly to himself bias him to give a colouring to his testimony, and the caution to be observed by the Court respecting an officer doing a mere ministerial act.

If the process had been by attachment, it might possibly be said to be unsafe to put the person or property of the defendant under the control of an inhabitant of the corporation : but here the service was by summons.

*Smith.* We consider the rules of law respecting the competency of witnesses as relative to their interest in the success of a cause, to apply forcibly for the purpose to which they were cited, which is merely to shew the quantum of interest which the law regards ; and we learn that the law notices an interest in action upon the statute of *Wilton,* much more remote than that now in question. The officer in the present case is a man of property, and renders a considerable tax to the corporation : but it is laid down in the books, that though the hundredor be

poor, and *pays no taxes* or parish duties, he shall still be excluded, for when the money comes to be levied he may be worth something.

It is objected, that the common law practice under this statute has been done away by the statute of *George* II. c. 16. A question of magnitude might here arise, how far the common law brought by our *English* ancestors into this country, can be controlled by a *British* statute, passed more than a century after their emigration. If this be the case, the *British* Parliament have, notwithstanding our declaration of independence, a power to alter our common law at will. The act of our Legislature adopts the *common* and not the statute laws of *England*.

It is further objected, that the officer's interest cannot have so prejudicial an effect as in the case of a witness. We reply, that the legislative will must decide this. The statute must govern; and it is manifest, from an investigation of it, that it pins the sheriff's incapacity upon *his interest*, and that it draws no distinction between a greater and smaller measure of interest. The expression respecting sheriff's incapacity is, "*are parties or interested*," in the first link of the copula, "*are parties*," meant to designate a chief, principal, personal interest; and if the statute had stopped here, the construction contended for by our opponents would have been correct; but by the addition of the word "*interested*," the statute includes all interest, however remote. Further, "where both sheriff and constable are parties or interested," seem to contemplate this very case.

The provision for some "*disinterested constable within the County*," obviously implies, that all the

Selectmen
v.
Jacob.

constables within the County may be interested, which would be the case if an action should be instituted against the County. This would implicate in interest the sheriff and high bailiff, and their respective departments with all the inhabitants of the County. Now if the Legislature considered that there is some existing remote interest in the officers of the County and of its several towns, which would not incapacitate them from serving process against the County, why did they provide, that in case these officers were interested, the writ should be served by some *indifferent* person.

*Per Curiam.* The Court cannot perceive the analogy between the interest which will exclude a person from testifying, and that which will incapacitate an officer from serving process. The interest of the officer seems so remote, that it could not disqualify him from serving the writ.

Judgment that writ does not abate.

*Amasa Paine* and *J. H. Hubbard,* for plaintiffs:
*Jacob Smith,* for defendant.