Sewall, J.
After stating the substance of the declaration, to gether with the issue and verdict, proceeded : —
It has been since moved, in the defendant’s behalf, that judgmen *185 should not be entered for the plaintiff according to this verdict. This motion is offered upon the general ground, that the plaintiff’s declaration does not show a sufficient subsisting cause of action The objections to it are,
1st. That a sheriff is not answerable in this manner for the insufficiency of bail.
2dly. That, if answerable in any case, it is only when the in sufficiency of the bail is notorious, and the officer acts maliciously, or deceitfully, or at least wilfully: that the declaration * containing no averments to this effect, the verdict has [ * 194 ] not found a wilful breach or neglect of duty in the officer charged.
3dly. That the plaintiff has waived any right of action, which he might have had for the supposed misconduct of this officer, by accepting the bail bond, and pursuing the usual process upon it, as set forth in his declaration.
The right of a party arrested in a civil action to be delivered upon bail, and the duties and restraints incumbent upon officers intrusted with the authority of making such arrests, depend chiefly, in England, (12) upon the statute 23 H. 6, c. 10. This statute has provided that sheriffs, coroners, &c., shall let to bail persons by them arrested, or in their custody, by force of any writ, bill, or warrant, &c., in any personal action, or because of any indictment of trespass, upon reasonable sureties (having sufficient within the county) to keep their days in such place, &c., as the writ, &c., require.
The practical and judicial construction, in England, of this statute, in the particulars applicable to the present inquiry, has been, that the sheriff is obliged to admit the party arrested to bail, and if he refuses sufficient sureties, he is liable to an actibn by the party injured; (13) that he is therefore justified by the statute in taking bail; (14) that the sureties are for the sheriff’s indemnity, to be taken at bis discretion, and are at his risk ; (15) that the bail to the sheriff extends, in England, only to the return of the writ; (16) that when the party, at whose suit the bail is taken to the sheriff, dislikes the sureties, he may require the party bailed to be produced: (17) that, on failure of producing the party bailed, and on his failure to enter and perfect bail to the action, the sheriff may be compelled, oy certain judicial processes in the court where tbe original writ is *186 returnable, to pay the debt and costs ; (18) that these processes have, in England, superseded the necessity of an action [*195 ] against *the sheriff for his neglect to take sufficient sureties; and, by the course of authorities there, it seems to have been long settled that the sheriff is not, for the taking of insufficient sureties, liable to any action by the party injured. (19)
In this state, the right of a party arrested in a civil action to be delivered upon bail depends principally upon the same ancient statute. But the statute (20) of this government, regulating bail in civil actions, has altered the law in several particulars, respecting the mode of taking, and the effect of bail to the sheriff.
By this statute (21) it is provided, that bail given on mesne process, in any civil action, may be taken for the appearance of the party to answer the suit, and to abide the order and judgment of the court thereon. And when the principal avoids, the person recovering judgment in the action is entitled to a writ of scire facias (22) from the same court against the bail. And, when no 'ust cause is shown to the contrary, judgment may be given against he bail for the amount of damages and costs recovered against the principal, &c.
It seems to be, by the effect of this statute, that bail to the sheriff' is also bail to the action; and avails immediately to the benefit of the party at whose suit the bail is taken.
A necessary consequence of these provisions has been, that the sheriff’s return, that he has taken the body and holden to bail, is a complete execution of his writ; that the party bailed is thereby sufficiently in court for the action against him to proceed to final judgment; that the sheriff is therefore not liable to any compulsory process for a more perfect execution of his writ, if the party at whose suit the bail is taken dislike the sureties. For their suffi ciency he is compelled to rely upon the discretion of the sheriff; and if the sureties prove insufficient, the party injured is without remedy, unless an action may be permitted him against the sheriff for his negligence or misbehavior in accepting and returning insufficient sureties.
[*196] * The general rule is, that ministerial officers, who misbehave negligently, or wilfully, in the execution ol their offices, are liable in an action upon the case, at the suit of the party injured. (23)
*187 That this inode of redress has not been in use in England, in this particular case, will not, I think, conclude against the reasonableness or propriety of a remedy which seems to be the only one adapted to the course of judicial proceedings in this state, especially in the process of bail in civil actions. Yet, if we recur to the English books for the authority of judicial decisions, we find that the right contended for in this action is there established, and made die subject of a specific and complete remedy, different indeed from that now before us, but adapted to their forms of proceeding in civil actions.
The decisions in England which have been cited at the bar. and from which it appears that actions upon the case are there maintainable against the sheriff for taking insufficient pledges in bonds of replevin, are also applicable, from their analogy, to the present case.
By the statute of Westm. 2, (13 Edw. 1, c. 2,) it was provided, that the sheriff should take pledges, not only to prosecute ■ the action, but also to return the distress, if a return should be adjudged. And the statute 11 G. 2, c. 19, requires that the officer granting a replevin on a distress for rent shall take from the plaintiff, and two responsible persons as sureties, a bond in double the value of the goods distrained, conditioned for prosecuting the suit with effect, and for a return of the goods, if the right be determined against him.
Since this last-cited statute, it has been determined, in the cases of Prowse vs. Pattison, 13 G. 2, and Saunders vs. Darling & Al. 10 G. 3, cited in Buller’s (24) Nisi Prius, that an action upon the case will lie against the sheriff for taking insufficient pledges oi sureties in the case provided for. These decisions *have been recognized in the cases of Concanen vs. [*197] Lethbridge, (25) Evans vs. Brander, (26) and Yea vs. Lethbridge. (27)
The analogy of these decisions to the present case is very obvious The authority and discretion intrusted to the sheriff in delivering to bail a party arrested, and in delivering goods replevied to the plain tiff in the suit, upon sufficient pledges or sureties, are of the same nature and extent. An action upon the case for the injury sustained in the latter instance, when insufficient pledges or sureties are taken, is not a remedy provided by the statute, but by an application of the rules of the common law to enforce the provisions of the stat ate. And a like application of the rules of the common law t< *188 enforce the statutes respecting bail in civil actions, and to secure the party subjected, by the provisions of these statutes, to the discretion of the sheriff, from an abuse of his authority, conducts us to the remedy attempted in the case under consideration.
The cases cited by the plaintiff’s counsel of decisions in this Court, Willet & Al. vs. Hale, and Brown & Al. vs. Allen, are direct authorities in support of this action upon the first point proposed in the motion before us.
Upon the second point proposed, that the sheriff is only liable, when, in taking insufficient bail, he acts wilfully, I have had some difficulty. In the case of Willet & Al. vs. Hale, the declaration contains an averment to this effect, that the deputy had taken insufficient bail, of which he was then and there well knowing. In the case of Brown & Al. vs. Allen, it was averred by the plaintiff that the bail taken was in no credit, and wholly insufficient, of which the said Symmes (the deputy sheriff) was well knowing. These were therefore cases of wilful misbehavior.
In the case before us, the averments in this point allege against the officer a neglect of his duty, but not a wilful misbehavior. If an officer may be responsible for a mistake respecting the sufficiency of sureties accepted as bail, arising from negligence only, without design, then the averments in this declaration [' * 198 ] *are sufficient. And I am of opinion that the sheriff, when taking bail in a civil action, is responsible, to this extent, for a mistake in such a case, happening by his negligence, though without design. In England., the sureties accepted as bail by the sheriff are taken at his risk. (28) This is the construction there given of the statute of Hen. 6, from which sheriffs here as well as there derive their authority to take bail, and by which their duty in this respect is regulated.
A similar construction has been given in England to their statutes, which have been already mentioned, respecting pledges and bonds to be taken in suits of replevin. Insufficient pledges are no pledges. (29)
In the case of Concanen vs. Lethbridge, the charge against the sheriff, by the averments in the second count, is, that he did not take pledges sufficient, &c., for that the pledges taken at the time when, &c., were, and now are, insufficient and totally irresponsible, &c. There is no averment of any wilful misbehavior, or that the insufficiency of the pledges was known to the officer; and the judgment against the sheriff is after a general verdict upon both *189 counts, without any exception as to this point, though the case appears to have been very earnestly contested.
The same case, and indeed all the cases which have been cited, are authorities upon the third point. The actions against the sheriff for taking insufficient pledges in suits of replevin, and the actions decided heretofore in this Court, were brought and sustained after the parties injured had pursued their remedies upon their respective bonds as far as the course of proceedings in the several cases would permit. And their subsequent recourse to the sheriffs, after other remedies had failed of effect, was not objected to on this ground. In the case before us, the sheriff has been deprived of no advantage by the diligence of the plaintiff to obtain the satisfaction of his debt from the parties more immediately chargeable. There is then, in my opinion, no sufficient cause shown for arresting judgment.
* Sedgwick, J.,
briefly recited the substance of the [*199J declaration and verdict, and then said: —Three reasons are given why judgment should not be rendered on this verdict.
1. That an action will not lie against a sheriff for taking insufficient bail.
2. That it is not alleged in the declaration that the deputy knew, at the time he accepted Smethurst as the bail of Newhall, that he was insufficient.
3. That if such action would in any case lie, the plaintiff here, by accepting the bail bond, and prosecuting his scire facias against the bail, recovering judgment, and committing & to jail, (and he being discharged out of confinement,) has, thereby, released the sheriff.
As to the first point, it is certain that an action will not lie in England against the sheriff for taking insufficient bail on an original writ. (30) (a) There, upon the return of the writ, or within four days after, the defendant must appear according to the exigency of the writ. This appearance is effected by putting in and justifying bail to the action ; which is commonly called putting in bail above. If this be not done, and the bail that was taken by the sheriff below are responsible persons, the plaintiff may, if he pleases, take an assignment of the bail bond from the sheriff", and bring an action thereupon against the sheriff’s bail. But if the bail, so accepted *190 by the sheriff, be insolvent persons, the plaintiff may proceed against the sheriff himself by calling upon him, first to return the writ, (if not already done,) and afterwards to bring in the body of the de fendant. And if the sheriff does not then cause sufficient bail to be put in above, he will himself be responsible to the plaintiff. (31)
Before the statute of 23 H. 6, c. 10, a sheriff was not obliged to take bail at all; and although by that statute his duty in this respect was altered, yet the return of cepi corpus continued the same as before. The plaintiff may accept or refuse the [ * 200 ] bail * bond; if he accepts it, he releases his remedy against the sheriff; if he refuses, he may proceed against him until his demand is fully satisfied. The sheriff may, if he chooses, put in bail above, and rely for his indemnity on the bail which he accepted. If he does not put in such bail, the plaintiff may proceed against him as for a contempt. (32) It seems, by a note in 2 H. Black. 434, that, until some period between 1724 and 1729, the proceeding against the sheriff was by amercement, and that, since that time, the more expeditious method by attachment has been adopted. At all times, however, whether the bail taken by the sheriff was or was not sufficient, if he did not produce the body of the defendant, he was responsible for complete satisfaction, if the plaintiff chose it.
Here, the bail taken by the sheriff answers all the purposes as well of the bail below, as of the bail above, in England. It is “ for the appearance of the party to answer the suit, and to abide the order and judgment of the court thereon.” And if it is reasonable that the sheriff there, in all cases, whether the bail be or be not sufficient, should be responsible to the plaintiff, it is proper here, if he either wilfully or negligently accepts that which is insufficient, that the plaintiff should have his remedy against him. It is true that it is there determined that an action . will not lie against the sheriff for taking insufficient bail ; and it is very properly so determined ; because, as the sheriff may, in every event, be compelled to satisfy the plaintiff, it is nothing to the latter, and he has no cause of complaint for not being able to support an action, because, if the bail is insufficient, it affects in no degree his remedy, which is prompt and effectual. But here, unless an action can be supported for taking insufficient bail, the plaintiff is remediless, however negligent or faulty the conduct of the sheriff may have been.
This case, here, compares in principle and reason much nearer, so far as respects the duty of the sheriff and the rights of the plaintiff, to the proceedings in England in the action of replevin, than *191 in actions upon contract. In that case, the sheriff is not to serve the writ, and deliver the goods to the plaintiff in replevin, * without pledges, as well to prosecute, as to [*201 ] return the goods, if judgment be rendered against him ; so that the pledges are the security of the defendant that he shall have justice done him, if he prevails in the action ; exactly as the bail taken here, in ordinary cases, is the security of the plaintiff. And there, the sheriff is responsible, if he take insufficient pledges. (33)
It is said that insufficient pledges are no pledges, and it is true that it is the same thing to the defendant. Indeed, in this, as in all cases, the principle seems to be established, and it is very proper that it should be, that no man shall suffer for the faults or negligence of the sheriff; and the application of this principle is decisive upon the merits of this question.
As to the second reason given, and relied upon by the defendant’s counsel, that it is not alleged in the declaration that the deputy sheriff hneio that, at the time he accepted S', as the bail of N., he was insufficient, — I have looked into the English books of entries; and in declarations against sheriffs for taking insufficient pledges in actions of replevin, there is, generally, no averment of the knowledge of the sheriff: the allegation is general, that the sheriff did replevy and deliver to the plaintiff without taking sufficient pledges. (34) And it seems reasonable that such general averment should be sufficient; for, if an averment of the sheriff’s knowledge of the insufficiency of the bail is necessary, it is because it is material; and if so, it must be proved on the trial. To require such evidence might defeat the plaintiff in innumerable instances, where he ought to recover. I do not mean to be understood to say that the sheriff is, under all circumstances, responsible for the sufficiency of the bail at the time the action may be brought against him, however apparently sufficient he might be when he was accepted as bail. It is not necessary, in this case, to determine whether the sheriff shall in all events be responsible for the ultimate sufficiency of the bail; or whether, if he accepts a man apparently sufficient at the time, he shall be excused, although he becomes insolvent when the judgment shall be rendered against him on scire facias. It is * manifest, in this case, by [ * 202 ] the finding of the jury, that the bail was insufficient at the time when he became such ; and that the money could not be collected, to satisfy the judgment against him, is also evident, for he swore out of jail.
*192 In the last place, it seems very clear to me that the judgment ought not to be arrested for the third reason suggested by the defendant's counsel — that the plaintiff, by accepting the bail bond, and prosecuting the action against the bail, recovering judgment, committing him to jail, and he being discharged from confinement, the sheriff is thereby released. It seems to me that this is nothing like the plaintiff’s accepting an assignment of the sheriff’s bail bond in England. There, the plaintiff has no interest in the bail bond until the assignment, nor except by that; until then, it is merely the security of the sheriff. Here, the bail bond is originally taken for the use of the plaintiff; and an assignment is not necessary to enable him to support a writ of scire facias upon it. And it may be remarked, that the sheriff can sustain no injury by the action against the bail. If, in England, the plaintiff refuses the sheriff’s bail bond, the sheriff has it for his indemnity : if he accepts an assignment, he thereby deprives the sheriff of all his means of security. Such acceptance ought, therefore, to discharge the sheriff. But in the proceedings here, there is nothing to admit the application of that principle.
I am of opinion that the sheriff, by taking insufficient bail, acted contrary to the duty of his office; and that the plaintiff, not having been able to collect his debt of the principal debtor, has thereby sustained an injury for which the law will give a remedy by this action. (a)

Judgment according to verdict.

Note. — Sedgwick, X, after the above opinions were delivered, observed that the late Chief Justice Dana, who had heard this cause argued, had, while in office, declared to him his concurrence on all the points.

 Daltons Sheriff, 356.

 2 Inst. 186. —2 Sound. 59.— Salk. 99.

 Cro. Eliz. 624.

 Cro. Eliz. 808, 124, 852.-3 Bl. Com. 290. — Style, 212, 234.

 Stra. 876. — 3 Lev. 343.

 12 Mod. 447. — 1 Mod. 33, 57, 244.

 Sty. 212, 234. — 2 Vent. 237

 Cro. Eliz. 624.

 1784, June 30.

 Sect. 1.

 Sect. 2.

 Bull. N. P. 64, 69. — 1 Vent. 55.- 8 Rep. 141. — 1 Sid 305.

 Bull. N. P. 60, 61.

 2 H. Black. 36.

 Ibid. 547.

 4 Term R. 433.

 Cro. Eliz. 808.

 2 Inst. 337, 338

Com Dig. title Bail, K. 5. — 2 Saund. 59, 60, 61. — 1 Mod. 122, 245. — 2 Mod. 83.

a) The bond is meiely for the indemnity of the sheriff, which he may waive. — Holmes vs Lansing, 3 Johns. Cas. 73. —Peters vs. Henry, 6 Johns. R. 121. — Barry vs. Mandell, 10 Johns. R. 563. — Kip vs. Brigham, 7 Johns. R. 168. — M'Intire vs. Woods, 5 Johns. R. 357.

 3 Black. Com. 290, 291. — 2 Williams’s Sound. 60, in notis.

 1 H. Black 433

 2 Inst. 340, — Vin. Abr. tit. Pledges, Let. H. Bull. N. P. 60.

 Lilly, 37 — Brownlow, 25, 26, &c.

 Gerrish vs. Edson, 1 Ad. N. H. R. 82. — Long vs. Billings, 9 Mass. Rep. 479. — Rice & Al. vs. Hosmer, 12 Mass. Rep. 127. — Cæsar vs. Bradford, 13 Mass. Rep. 169.— Young vs. Hosmer, 11 Mass. Rep. 127. — Mather vs. Green, 17 Mass. Rep. 60.— Rayner vs. Bell, 15 Mass. Rep. 367. — Sherwood vs. Pearl, 1 Tyl. 241.