## Case No. 9,938.

### In re MURDOCK.

[See Case No. 8,838.]

---

## Case No. 9,939.

### In re MURDOCK.

[1 Lowell, 362;[1] 3 N. B. R. 146 (Quarto, 36).]

District Court, D. Massachusetts. July, 1869.

BANKRUPTCY — DISCHARGE — WHO MAY OPPOSE — RIGHTS OF ONE PURCHASING BANKRUPT OBLIGATIONS—ASSIGNMENTS PREVIOUS TO PASSAGE OF LAW.

1. A creditor whose debt is provable may oppose the discharge of a bankrupt, although it has not been proved.

[Approved in Re Groome, 1 Fed. 469.]

[Cited in Burpee v. Sparhawk, 108 Mass. 114.]

2. It seems, that one who has in good faith bought a debt against the bankrupt after the commencement of the proceedings may prove it in the bankruptcy, the form of oath being varied to conform to the fact.

[Cited in Re Pease, Case No. 10,880. Approved in Re Strachan, Id. 13,519.]

[Cited in McAvity v. Lincoln Pulp & Paper Co., 82 Me, 510, 20 Atl. 82.]

3. Such a debt is not annihilated, and may be proved by the assignor or else by the assignee.

4. Where the bankrupt had made an open and notorious conveyance of land to his wife to hold to her separate use, more than ten years before the bankrupt law was passed; held, that such conveyance could not be set up as a fraud to prevent his discharge in the absence of evidence to show that it was held on a secret trust for the bankrupt; nor was the omission of it from the schedule a concealment of property under that act.

[Cited in Re Boynton, 10 Fed. 280.]

5. Where it appeared very doubtful whether the bankrupt had any interest in a certain promissory note held by a third person, and there was no evidence of any wilful concealment, and the assignee had had all the benefit of the title; held, the bankrupt ought to be discharged, notwithstanding the note was not on his schedule.

Mrs. Eliza Ventriss, the sister of the bankrupt, [George A. Murdock,] was set down in the schedule as his largest creditor. After the petition was filed and before the first meeting of creditors, she sold the negotiable note which was the evidence of her debt, to George W. Ware, Jr., who did not prove the debt, but appeared to oppose the discharge of the bankrupt, which he did both on his own account and as attorney for Mrs. Ventriss.

E. Merwin, for bankrupt, contended that neither Mrs. Ventriss nor Mr. Ware could prove the debt, because neither could take the oath prescribed by the supreme court in form No. 22; and that even if the debt were provable it must be proved before the creditor could be heard.

J. S. Abbott, for creditor.

LOWELL, District Judge. I have repeatedly decided that a creditor whose debt is provable may oppose the discharge. It is to be regretted that the district courts should not agree upon the construction of the statute in all its parts; though considering the

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

multitude of questions which arise in the administration of this new branch of jurisprudence, such disagreement can be no matter for surprise. We may rather congratulate ourselves that upon many of the most important points there has been great unanimity of opinion. I shall not state the reasons for my opinion at large, because there is a reported decision of Judge Hall, of the Northern district of New York, in which the arguments and authorities are collected and stated with great care, and the conclusion arrived at is the same that I have always acted on. Re Shepard [Case No. 12,753]; see acc. Re Boutelle [Id. 1,705]. On the other side, see Re Levy [Id. 8,297].

The argument is briefly this: A creditor who has not proved his debt has no standing in the bankrupt court for most purposes, because he has no interest in the settlement of the estate, in the dividend, or in the acts or omissions of the assignee. His assent is not necessary under sections 30, 33, [of the act of 1867 (14 Stat. 532)], but he is interested to oppose the discharge because he will be bound by it. He may have many sufficient reasons for not proving his debt; as, for instance, that he would be obliged to either relinquish or realize a security which, though inadequate, is not in a state to be advantageously sold. Yet he is bound by the action of the court, and is in effect a party to the discharge. On principle therefore he ought to be admitted to contest it. We may admit that "any creditor" in section 31 is ambiguous; but on its face it includes all creditors, and the ambiguity can only be raised by construction. Now the statute itself, at section 29, and the form prescribed by the supreme court, both contemplate notice to creditors who have not proved, for the former requires notice by publication, in addition to a written notice to all who have proved, and the latter notifies all creditors who have proved, and all other persons interested, to appear and show cause. But section 34 is to my mind quite decisive of the intent of congress, because it authorizes any creditor whose debt was provable, though not proved, to apply to the court and have the discharge set aside at any time within two years after its date, on proving certain frauds to have been committed, and that they were not known to him before the granting of the discharge. Now it seems a forced, not to say absurd, construction of the statute that the knowledge which could not be availed of by the non-proving creditor to oppose the discharge, should yet be a complete answer to his application to set it aside.

Of course the opposing creditor must have a provable debt, and must give evidence of that fact, and this brings us to the second point, which was so ably argued, that there is no such debt here, because neither of these supposed creditors can take the oath that the bankrupt was, both at the commencement of proceedings, and still is, justly indebted to him or her. I do not find anything in section 22 to avoid a real and honest transfer of a negotiable debt made after the petition is filed, and without any purpose of influencing the proceedings, but rather an implication that it may be done if there be no such purpose. And I can conceive of no reason why it should not be. It is true that every thing is to be settled as of the commencement of the proceedings, and the rights of the parties are fixed at that time; and by the express language of section 20 a debtor of the bankrupt cannot buy up a claim against him after that time and use it in set-off; but a set-off is payment in full of the debt set off to the extent of the debt against which it is set off; and a creditor who obtains payment in full has an unjust advantage over the rest. There is nothing that I can discover in the statute or in its policy to restrain the negotiability of debts, or to require an honest debt to be annihilated because it has been honestly transferred; and this must be the result if neither party can take the oath necessary to prove it.

The form of oath prescribed by the supreme court does indeed appear to contemplate that there has been no transfer. It is: That the bankrupt was, at and before the filing of the petition, and still is, justly and truly indebted to the creditor. But this form is made for the most usual cases, and is not intended to change the statute, but may itself be varied to meet the exigency of different cases. Taken literally, it would exclude administrators or other assignees by mere operation of law, which certainly cannot have been the purpose. The oath required by the Massachusetts statute was like that prescribed by the supreme court, and I am informed that it was understood to prevent an assignee of a debt acquired after notice of the warrant was published from proving it, and that the practice in courts of insolvency was to advise the assignee of a debt to transfer it back to his assignor, who then took the oath and retransferred the debt. This was a circuitous way of arriving at justice, and one that required a false oath to be taken, and I am not aware that any superior court of the state ever passed upon the necessity of such action. The form of oath, at any rate, was prescribed by the law itself, and our law passed later has not adopted it. My own impression is pretty decided that the debt may be proved by the person who owns it at the time of proof, the oath being modified to conform to the fact. This precise point is not passed upon because both Mrs. Ventriss and Mr. Ware oppose the discharge, and I am clear that one or the other may do so.

[Another point I have often decided, but the decision appears not to have become generally known. I hold that any creditor who has a provable debt may oppose the bankrupt's discharge. In general, no one is a

creditor who has not proved his debt; and such an one has no interest in the mode of settling the estate, nor in the dividend, nor in the acts or omissions of any of the parties to the proceedings. But he has an interest in the discharge, because if it is granted he will be barred. He may hold security which is inadequate for his full payment, and yet is not in a condition to be advantageously liquidated; or there may be no dividend expected; or he may have many other good reasons, or reasons which he considers good, for not proving his debt or concerning himself with the proceedings; and yet it may be of the greatest importance to him that the debtor should not receive his certificate. Upon principle, therefore, he ought to be heard on that issue. The statute evidently contemplates it, because it gives every creditor whose debt was provable, whether proved or not, the right to set aside the discharge within two years, on proving fraud, and that he had no knowledge of the fraud until after the discharge was granted. Now, it is very difficult to maintain that the statute debars a creditor from opposing the discharge before it is granted, when it allows him to do so afterwards, upon showing good cause why he did not do it before. I am aware that there are decisions both ways on this point, but my own was earlier than any of them, and I have seen nothing in the decisions opposed to this view which requires me to change it. Of course, the opposing creditor must show, as matter of fact, that he has a debt which is provable, and this will be one of the issues to be tried.

[This whole case was heard, and both parties argued the merits and it is not improper that I should decide them, leaving the first point still open for consideration if it should arise in another case.] [2]

The allegations of fact are that the bankrupt wilfully omitted from his schedule and concealed from his assignee the equity of redemption of a house and land in Pittsfield, and his interest in a certain promissory note. The house and land were conveyed to the bankrupt's wife in 1856, at a time when he swears he was solvent. The conveyance was open and notorious, and was well known to his sister. Such a conveyance does not stand on the footing of a mere voluntary conveyance to a stranger, or of one made on a secret trust for the grantor, and there is no evidence here of any such trust. The consideration is a good one, and its operation is not secret. No doubt the debtor has always had, and always will have, some advantage from this estate; but it would be a perversion of terms to say that there is any concealment about it. Whether the conveyance could be avoided by the assignee is a different question, and depends on facts not fully developed at this hearing. The conveyance,

of course, cannot be alleged as a bar to the discharge, because it was made long before the bankrupt law was passed. The only question before me is that of concealment; and I do not find that any was practised.

The interest of the debtor in the note, if any, is equitable rather than legal, and I am not satisfied that there was any intentional concealment of it, or any evasion in his conduct or schedules or examination. Where property is in fact concealed in specie, or where the title is concealed by a colorable conveyance, the discharge should be refused; but there are many doubtful cases in which justice seems to demand that the assignee should be entitled to try his rights, but in which unfairness on the debtor's part cannot be made out. The assignee in this case has obtained full knowledge of both these interests, and has sold whatever title he has in them; and I do not see that the bankrupt has obstructed him at all in obtaining his full rights, or that he has wilfully concealed anything. Discharge granted.