the United States, with intent to commit hostilities against a power at peace with the United States, enough appeared to the court to justify the remanding of the prisoners. That it is unimportant, whether the association to join the revolutionists originated in the United States or beyond seas. The expedition or enterprise was still carried on from the United States, and it was immaterial whether a company of armed men, proceeding from this with such intentions, took the whole vessel to themselves, or merely departed hence as passengers. If a regiment of foreign soldiers, armed and equipped, should land in the United States and hire a vessel to transport them to South America, with intent to make war upon the Spanish king or his subjects, could it be contended, that this was not an expedition fitted out from the United States, within the clear expressions and meaning of the third section of the act of 1794? If such a case would come within the provisions of that law, it would seem difficult to distinguish it from the present. Prisoners remanded.

---

## Case No. 10,081.

### In re NEEDHAM.

[1 Lowell, 309;[1] 2 N. B. R. 387 (Quarto, 124);
2 Am. Law T. Rep. Bankr. 39; 16
Pittsb. Leg. J. 313.]

District Court, D. Massachusetts. Oct., 1869.

BANKRUPTCY—OMISSION OF CERTAIN CREDITORS IN SCHEDULE—DISCHARGE—WAIVER OF CREDITOR'S RIGHTS FOR BENEFIT OF GENERAL CREDITORS.

1. The omission from the bankrupt's schedule of the names of certain creditors with their consent expressed or implied, and for the reason that they did not intend to take dividends in competition with his trade creditors, will not bar the bankrupt's discharge on the objection of the other creditors who show no fraud or injury to their rights.

[Cited in Burpee v. Sparhawk, 108 Mass. 113; Bennett v. Goldthwait, 109 Mass. 495.]

2. Such an omission was wilful in a strict sense; but the oath to the schedule was not wilful false swearing, under [Act of 1867] section 29 [14 Stat. 531], because the bankrupt had reason to believe, and did believe, that these persons did not wish to be considered creditors of his estate. The right to be such creditors they could waive for the benefit of the general creditors.

[Objection was made to the bankrupt's discharge in this case, on the ground, among others, that he had omitted from the schedule the names of three of his creditors. Upon this point the bankrupt's testimony tended to show that he borrowed four thousand dollars of three of his friends to form the larger part of the capital of his business at

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

Pittsburg; that they knew the purpose for which it was borrowed, and when the business turned out badly, did not expect to be paid in competition with his trade creditors, and have not been paid; that he did not put them on his schedule, because he expected to pay them if he ever became able to do so. The bankrupt supposed that his friends would not care to be notified of the proceedings, especially as there were no assets. He did not regard them like other creditors, and, perhaps, thought if their names were not on the schedule, that their debts would not be discharged. There was evidence that these friends understood that their debts were to be paid or not, as might be convenient.][2]

Hull & Childs, for general creditors.
J. H. Whitman, for bankrupt.

LOWELL, District Judge. The only objection now relied on to prevent the bankrupt's discharge is the omission from his schedule of the names of three of his creditors, who have not themselves made objection. The evidence tends to show that these creditors were friends from whom the bankrupt had borrowed the capital for his business, and that they did not expect to be paid in competition with his trade creditors, and have not been paid. No actual fraud or injury to creditors is shown or suggested. Although the omission may have been wilful in one sense, yet it would be unjust to say that the bankrupt's oath to schedule B. was wilful false swearing under section 29; because he had reason to believe and did believe that these persons did not wish to be considered creditors of his estate. It was a privilege they could waive, and their action tended to the advantage of the other creditors by increasing their dividends. The latter cannot object to it under these circumstances. Discharge granted.

---

## Case No. 10,081a.

### In re NEEDHAM.

[1 Chi. Leg. News, 171.]

District Court, E. D. Missouri. 1869.

BANKRUPTCY — TRUST DEED — SALE BY CREDITOR WITHOUT PERMISSION OF COURT.

1. A creditor of a bankrupt holding the security of a deed of trust in the nature of a mortgage with a power of sale, in a third party as trustee, must prove his debt as a creditor holding a security, and obtain the permission of the court to have the security sold. If he directed a sale without this permission, the court, upon application of the assignee, will set aside the sale.

2. If the trustee sell without the authority of the court, does any title pass to the purchaser?

Decided by TREAT, District Judge.

[2] [From 2 N. B. R. 387 (Quarto, 124).]