PIERSON T. K. BURPEE & others *vs.* DAVID H. SPARHAWK.

If a creditor, who was fraudulently omitted from the schedule filed by a bankrupt in proceedings under the U. S. bankrupt act of 1867, c. 176, and had no actual knowledge of those proceedings until after the granting of a discharge to the bankrupt, applies to the district court of the United States, under § 34, to annul the discharge for that cause, he cannot afterwards impeach the discharge in an action on his debt in a state court.

TORT. Writ dated October 5, 1865. Trial in January 1867, and verdict for the plaintiffs, in the superior court, before *Ames*, J., to whose rulings the defendant alleged exceptions, which were argued at October term 1867, and in February 1868 were overruled, as reported 97 Mass. 342.

Pending those exceptions, the defendant in September 1867 filed his petition in the district court of the United States under the U. S. bankrupt act of 1867, c. 176, and on January 11, 1868, obtained his discharge as a bankrupt. This discharge he pleaded in March 1868, in bar of further proceedings in this case. The plaintiffs in December 1868 filed a replication to the plea, denying the validity of the discharge, on the ground that it was obtained by fraud, and specifying that the defendant fraudulently omitted their names from the schedule of his debts which he filed under oath at the beginning of the proceedings in bankruptcy, and that they had no notice of those proceedings till after the discharge. And the case was continued in the superior court from term to term until September 1871. Meanwhile the plaintiffs

on July 3, 1869, filed a petition in the district court of the United States under § 34 of the bankrupt act, to set aside and annul the discharge, on the same grounds specified in their replication; notice was thereupon issued to the defendant; and the parties proceeded to a hearing in the district court upon those specifications, which is not yet finished.

At September term 1871 of the superior court, the plaintiffs put the case again upon the trial list, and sought to proceed to a trial of the issue raised by the plea and replication. The defendant objected "that the validity of the discharge in bankruptcy could not be tried or impeached in this court for any cause for which it might have been annulled in the district court, or for which it might have been refused by said court; that that question could only be tried in the courts of the United States, and especially in this case that the plaintiffs ought not to be permitted to try the question in the state court, as they had already commenced proceedings in the district court for annulling the discharge, and these proceedings were still pending, and the jurisdiction of the last named court of the subject matter is exclusive." But *Brigham*, C. J., overruled the objections, and permitted the plaintiffs to go to the jury upon the following issue : " Did the defendant wilfully omit the names of the plaintiffs from his schedule of creditors in the proceedings wherein he obtained his discharge, with a purpose by so doing of preventing the plaintiffs from having the means of notice or knowledge of such proceedings, and participation in their benefit to his creditors?" The jury found upon the issue in the affirmative ; and thereupon the court ordered judgment for the plaintiffs upon the former verdict, and the defendant alleged exceptions.

*P. E. Aldrich*, for the defendant.

*G. F. Verry*, for the plaintiffs.

GRAY, J. In *Way* v. *Howe, post*, 502, after full consideration of the able arguments made in that case and in this, it has been adjudged that a certificate of discharge granted by the district court of the United States under the bankrupt act of 1867, *c.* 176 could not be impeached in an action brought in the courts of this Commonwealth (upon a debt not falling within either of the

classes excepted in § 33, and which was provable against the estate in bankruptcy) on account of a fraudulent conveyance of property by the bankrupt, which would by § 29 invalidate the discharge ; and that the only mode of relief was by application to the district court of the United States, under § 34, to set aside and annul the discharge.

Another of the cases mentioned in § 29 in which " no discharge shall be granted, or, if granted, shall be valid," is " if the bankrupt has wilfully sworn falsely in his affidavit annexed to his petition, schedule or inventory, or upon any examination in the course of the proceedings in bankruptcy, in relation to any material fact concerning his estate or his debts, or to any other material fact." It is upon this clause that the plaintiffs rely, and there can be no doubt that it covers the case of the fraudulent omission of a creditor in the schedule of debts, verified by oath, which the bankrupt is obliged by §§ 11 and 42 to file at the commencement of the proceedings in bankruptcy.

The plaintiffs contend that a creditor whose debt is fraudulently omitted in the schedule, and to whom therefore no notice of the bankrupt's application for a discharge is sent by mail under § 29, is not a party to the proceedings in bankruptcy, or barred by any decision of the United States court in the matter of the discharge. And so it has been held by the supreme court of Vermont, upon the ground that, having no notice of the proceedings, he could not be affected by them. *Batchelder* v. *Low*, 43 Verm. 662.

On the other hand, it is to be observed that a creditor, whose debt is omitted from the schedule by mistake and without fraud, has no more notice of the proceedings in bankruptcy than if the omission was fraudulent, and yet an innocent omission does not affect the validity of the discharge. *Burnside* v. *Brigham*, 8 Met. 75. *Re Needham*, 1 Lowell, 309. Section 29 requires that, in addition to the notice by mail to all creditors mentioned in the schedule, notice shall be given by publication in the newspapers of the bankrupt's application for a discharge, which is equivalent to the only notice to other persons interested in the estate, after the publication of which they are bound at their peril to

take notice of the issuing of the warrant and the proceedings under it, whether they had or had not any actual knowledge thereof. *Stevens* v. *Mechanics' Savings Bank,* 101 Mass. 109. Any creditor, whose debt is provable, whether it was proved or not, may object to the granting of the discharge, or apply to the United States court, sitting in bankruptcy, to have it set aside or annulled. U. S. St. 1867, *c.* 176, §§ 31, 34. *Book's case,* 3 McLean, 317. *In re Sheppard,* 1 Bankr. Reg. 115. *Re Murdock,* 1 Lowell, 362. The cause relied on for impeaching the discharge in this case, like that alleged in *Way* v. *Howe,* above cited, is one of those specified in § 29, and it is insisted by the defendant that the same rule must apply to the one case as to the other. And it has been so held by the court of appeals of Kentucky. *Payne* v. *Able,* 7 Bush, 344.

But we are not required in this case to decide the general question of the effect of a certificate of discharge in bankruptcy against a creditor, fraudulently omitted in the schedule, and having no actual notice of the proceedings in bankruptcy ; for such a creditor may waive the want of notice, and make himself a party to those proceedings ; and we are of opinion that the plaintiffs, by applying to the district court of the United States under § 34, to set aside and annul the discharge for the same cause upon which he relies in this case, have voluntarily made themselves a party to the proceedings in bankruptcy, and submitted the question of their right to impeach the validity of the discharge for this cause to the jurisdiction of that court, and cannot therefore now impeach it by any other suit or proceeding.

The case falls within the same principle which has been applied to many others. For example, a citizen of another state, who proves his debt in the course of proceedings under a state insolvent law, which could not constitutionally bind him without his assent, cannot afterwards impeach the validity of the certificate of discharge granted upon those proceedings, except as allowed by that law. *Clay* v. *Smith,* 3 Pet. 411. *Gilman* v. *Lockwood,* 4 Wallace, 409. *Journeay* v. *Gardner,* 11 Cush. 355. And a creditor, whose debt is of such a class, either by reason of its fiduciary character or otherwise, that it would not be barred by

any discharge in bankruptcy, still, if he elects to prove it against the estate, cannot afterwards, unless his proof is withdrawn by leave of the bankruptcy court, insist upon his exemption from the effect of the discharge.   *Chapman* v. *Forsyth*, 2 How. 202, 209.  *Ex parte Tebbetts*, 5 Law Reporter, 259.  *Morse* v. *Lowell*, 7 Met. 152.   *Fisher* v. *Currier*, Ib. 424.   *Gilbert* v. *Hebard*, 8 Met. 129.                                  *Exceptions sustained.*