————o————

WM. L. THORNTON, Defendant in Error, *vs.* ROBERT HOGAN, Plaintiff in Error.

1. *U. S. Bankrupt Act—General notice to creditors by newspaper advertisement sufficient in absence of fraud.*—Where a creditor is properly scheduled by a bankrupt in his list of liabilities, and a general notice to creditors is given by advertisement as provided by § 11 of the bankrupt act, but by a clerical mistake of the United States marshal, and without any fraud on the part of the bankrupt, notice by mail was wrongly directed and not received, the discharge of the bankrupt is nevertheless valid as against such creditor.
2. *Bankruptcy—Certificate of discharge, validity of—Proceedings to set aside, etc.*—In some of the States a bankrupt's certificate duly authenticated is valid, except against direct proceedings, brought to set it aside, for fraud or irregularities in the United States Court.
3. *Bankruptcy—Proceedings essentially in rem—Certificate of discharge a bar to creditors except, when.*—A proceeding under the bankrupt act is more analogous to one *in rem* in admiralty, than to an ordinary one in common law or chancery, and it seems to have been the intent of the act that a final adjudication should be a bar to all creditors, whether or not their claims were proved or scheduled, or whether really notified of the proceedings or not, except in cases of fraudulent omissions stated in the act.

*Error to Pettis Circuit Court.*

*Phillips & Vest,* for Plaintiff in Error.

I. A discharge in bankruptcy regularly granted is a bar to a demand like plaintiff's in a State court. It can only be impeached in the United States Court, and within two years from its date. (§ 34 Bankr. Act, 1867 ; Bump Bankr. p. 53, note *b.;* Concy vs. Ripley, 4 Bank. Rep. 163 ; Ocean Nat.Bk. vs. Olcott, 46 N. Y. 12 ; Parker vs. Atwood, 52 N. H. 181; Oates vs. Parish, 47 Ala. 157.)

II. A State court cannot declare a discharge in bankruptcy void, for any cause set up in plaintiff's replication. Thornton's name and debt were scheduled, and the misdirection of the mailed notice was a mere clerical mistake of a servant of the court, in performing a ministerial act. Such a mistake did not vitiate the discharge. (See 10 Mo. 473–481 ; Bump Bankr., 259–60 ; 8 Am. Rep., 419 ; 11 Am. R., 320 ; Symonds vs. Barnes, 59 Me. 191 ; Sparkhawk vs. Bartlett, 2 Mass. 188.) The first and general notice by advertisement was the principal one, and the one that gave jurisdiction as in case of publication to non-resident or unknown parties.

*Hayden & Tompkins*, for Defendant in Error.

I. The absence of the notice was a willful omission of Hogan.

II. Bankruptcy is essentially a judicial proceeding by the debtor against his creditor for a judgment of acquittal from his debts. The Bankrupt Act professes to summon the bankrupt to court. And to discharge the debtor without such notice to the creditor, or an opportunity to him to be heard, is to convert the court into an instrument of injustice and an avenue of escape. (Bump Laws and Pr. in Bankr. [5th Ed.,] pp. 26–7, 462 ; Day vs. Bardwele, 97 Mass., 250 ; Batchelor vs. Low, 43 Vt. 662 ; 5 Am. Rep. 311 ; Barns vs. Moore, 2 Bankr., 174.)

III. It was the bankrupt's duty to place this debt on his schedule. It was the foundation of the notice required to be given by § 11. Its omission was a fraud which he cannot plead in his own defense. (Batchelor vs. Low, *supra ;* Bump's Bankr., *supra.*)

IV. This is not an attempt to set aside the order of discharge. As to other parties and for other purposes, it may stand. But it cannot be invoked by the party in fault as the foundation of an estoppel against the creditor not notified.

V. Voluntary bankruptcy is essentially a proceeding *in personam*, and unless the court acquire jurisdiction of the creditor, no judgment will have binding force in any *forum*. (Harris vs. Hardman, 14 How., 339–41 ; 7 Mo. 463 ; 2 Bankr. R., 82 and 174 ; Barns vs. Moore, *supra.*)

NAPTON, Judge, delivered the opinion of the court.

This action was upon a note given to Thornton (the plaintiff), by James and Robert Hogan in 1860 for $921.27, and the defendants being non-residents, an attachment was sued out, and one Chas. S. Bohannon was garnished. The defendants pleaded a discharge in bankruptcy by the U. S. District Court for the Southern District of Illinois in 1868. The plaintiff dismissed as to Jas. Hogan, and admitted the discharge in bankruptcy as claimed in the answer, but alleged, that said discharge was no bar, because the said defendant neither placed the plaintiff in his schedule as a creditor, nor gave the plaintiff notice, as by the 11th section of the bankrupt law is required, that a warrant in bankruptcy had been sued out, or of the time and place of a meeting of the creditors, or of any other matter or thing required by such bankrupt law, and that plaintiff, in fact, had no notice, all which defendant well knew.

To this reply defendant demurred, for the reason that the court had no jurisdiction to try and determine the questions presented by the replication, or to declare the discharge in bankruptcy by the U. S. Court, invalid ; that such U. S. Court alone had jurisdiction, and could exercise it only within two years after the final discharge.

This demurrer was overruled, and the case was tried by the court without a jury. The plaintiff introduced in evidence to sustain his replication, the records of the bankrupt court in Illinois.

From these records it appeared that in the application of both James Hogan and Robert L. Hogan, the plaintiff, Wm. T. Thornton was named in the schedule of creditors, his place of residence in Clinton, Mo., and his occupation properly stated, and the amount of the debt put down in both schedules as $1,000, and described in both as a note for borrowed money, in which James Hogan was principal and Robert L. Hogan security. In the advertisement, however, required to be made by the 11th section of the act, in the case of Robert L. Hogan, the name of Wm. T. Thornton is inserted as "Wm. T. Thomson." In other respects, the place of residence, amount of debt, etc., is correctly

10—VOL. LXIII.

stated. The notice by mail in the matter of Robert L. Hogan was directed to " Wm. T. Thomson, Clinton, Mo."

The plaintiff testified that he had lived for thirty years in Henry county, of which Clinton is the county seat, and that the two brothers Hogan were well acquainted with his place of residence, and formerly lived in the same neighborhood; that he received due notice of the bankruptcy of James Hogan, but no notice of that of Robert L. Hogan, and never knew of it till about six months before his examination as a witness.

This evidence was all objected to, but admitted, and the court gave judgment for the plaintiff.

The exact question presented by this case, I do not find determined in any of the cases to which counsel have referred us.

It may be assumed, I think, without any argument, that the facts just recited do not show any fraud on the part of the bankrupt, either directly or by implication. There were no assets exhibited—or none of any importance—and there was no perceptible motive for concealment on the part of Robert L. Hogan, or for withholding this debt from the schedule. However this may be, it was not withheld, but by a clerical blunder of the officer, whose duty it was to send notices by mail to the creditors named in the schedule, the plaintiff received no notice of the proceeding in the case of Robert L. Hogan.

It has been held that where a debt has been fraudulently withheld from the schedule, and the creditor consequently has no such special notice as is required to be sent to him by mail, the creditor in a suit in a State court, is not barred by the certificate of discharge, on the ground that he has no notice of the proceeding. (Batchelor vs. Low, 43 Vt., 662.) And if the mere absence of notice is to be available to annul the discharge in any court, either State or Federal, it is not very perceivable why it should not be as available where it occurs through accident or negligence, as when it is purposely and fraudulently effected.

But the decisions, both in the State and Federal courts, (unless we except an opinion by Judge Storer in the superior court of Cincinnati, in Barns vs. Moor, 2 B. C., 474,) maintain that an

innocent omission from the schedule (which necessarily leads to a want of special notice such as is required to be sent by mail) does not affect the validity of the discharge. (Burnside vs. Brigham, 8 Met., 75 ; *In re* Needham, 1 Low., 309 ; Payne & Bro. vs. Able, 7 Bush, 347 ; Symonds vs. Barnes, 59 Maine, 192 ; Mitchell vs. Singletery, 19 Ohio, 291.) It was so held under the act of 1841. (Burnside vs. Brigham, 8 Met., 79 ; Shelton vs. Pease, 10 Mo. 481.) In Alabama it was held that the act of 1867 vests exclusively in the Federal courts the power to contest the validity of a bankrupt's discharge on the ground that it was fraudulently obtained ; that the State court is bound to allow the plea of bankruptcy if the certificate is duly authenticated according to law, and that irregularities in the proceedings of the bankrupt court are only available in that tribunal by a direct proceeding to set aside the decree. (Oates, adm'r, vs. Parish, 47 Ala., 327.) And this seems to be the opinion of the Court of Appeals of New York in 1871. (Ocean Bank vs. Olcott, 46 N. Y. 12.)

The bankrupt act requires, in addition to the notice to creditors in the schedule, that a publication be made in the newspapers of the application for a discharge. This notice is to all interested in the estate ; and in Stevens vs. Mechanic's Bank, (101 Mass. 109), it is held that all persons, whether noted as creditors in the schedule or not, are bound to take notice of the issuing of the warrant and the proceedings under it; that they are bound by it whether they had any actual knowledge of it or not. In the case of Murdoch, Judge Lowell holds (1 Low., 362) that the statute in section twenty-nine contemplates notice to creditors who have not proved, because it requires notice by publication, in addition to a written notice to all who have proved, and notifies all creditors who have proved and all other persons interested, to appear and show cause. He therefore concludes that a creditor whose claim is not proven is entitled to be heard on an application to a bankrupt court to set aside the decree, as well as one whose claim was proved, because both are bound by the adjudication.

In Sparkhawk vs. Bartlett, (2 Mass. 188,) the Supreme Court of Massachusetts, though not giving any opinion in regard to the point of notice, seem inclined to the view that the general publication is all the notice contemplated by the act as essential to the validity of the decree.

In considering the question presented by this case, we must have regard to the general objects of a bankrupt law. The discharge of a debtor from all his liabilities by an arbitrary act of a court is not in accordance with any strictly judicial principles or practices, but it is a political measure believed to be useful and beneficial in commercial communities, and its expediency is, by our national constitution, expressly confided to the discretion of the national legislature. The intent of the bankrupt act must be gathered very much from its own provisions, without too much stress upon certain general principles which have obtained in regard to other forms of litigation. A proceeding under it is certainly more analogous to a proceeding *in rem* in an admiralty court than to any of the ordinary proceedings in common law or chancery; and it seems to have been designed for purposes doubtless supposed to promote the public interests, that the final adjudication should be a bar to all creditors whether their claims were proved or not, or whether they were in the schedule or not, or whether they were really notified of the proceedings or not, unless for fraudulent omissions stated in the act, of which the present is clearly not one. We think, therefore, the clerical mistake occurring in the proceeding, though resulting in a failure to specially notify the creditor, who is now plaintiff in this action, could not have been, within the contemplation of the act, intended to destroy the effect of the proceeding. It occurred through no fault or fraud of the bankrupt, and the law contemplated the general advertisement in the newspapers as sufficient to include all creditors.

The judgment must be reversed; the other judges concur.