Thomas vs. Jones.

*By the Court.* — Order reversed, and cause remanded for further proceedings according to law.

================

THOMAS VS. JONES.

BANKRUPTCY: *When discharge in, cannot be impeached in a state court.*

1. In bankruptcy proceedings, the unintentional omission of a creditor from the schedule, or his failure to receive personal notice of the proceedings, does not render the discharge void as to him, or enable him to maintain an action on his demand in a state court.

2. *It seems* that a discharge in bankruptcy cannot be impeached in the state courts even on the ground of fraud, and that the only remedy is by application to the proper federal court to set aside the discharge; but it was not necessary to decide that question in this case.

APPEAL from the Circuit Court for *Dodge* County.

Action upon a promissory note. Defense, a discharge in bankruptcy proceedings in the district court of the United States. The evidence offered and exceptions taken thereto sufficiently appear in the opinion of the court.

Judgment for the defendant; from which the plaintiff appealed.

*A. Scott Sloan,* for appellant, argued that that view which permits a discharge in bankruptcy, in whatever court and at whatever time pleaded, to be attacked and impeached, is more in accordance with general principles and better sustained by authority than the one which would confine the remedy to an application in the court which granted the discharge (Jones on Bankruptcy, 131; *Perkins v. Gay,* 3 Bankrupt Reg., 189; *Beardsley v. Hall,* 36 Conn., 270; *Batchelder v. Low,* 43 Vt., 662; *Hill v. Robbins,* 22 Mich., 475; *In re Rosenburg,* 2 Bankrupt Reg., 81; *Barnes v. Moore,* id., 174); but that plaintiff does not seek to impeach the discharge, but only to

show that he is not affected or barred by it, invoking the aid of the rule that every man is entitled to his day in court. 1 Greenl. Ev., 524; 2 Phil. Ev., 10; *Adams v. Filer*, 7 Wis., 306; *Falkner v. Guild*, 10 id., 573; *Barnes v. Moore, supra; Anon.*, Supp. Bankrupt Reg., 27, WYLIE, J.; 43 Vt., 662.

*Mariner, Smith & Ordway*, for respondents, argued that ample remedies are furnished for amendments at all stages of the proceedings, by which omissions in the schedule of debts, or the names of creditors, may be supplied, and that any creditor whose debt is provable, whether it is proved or not, may object to the granting of a discharge, or apply to the court in which it was granted, to have it set aside or annulled (Bankruptcy Act of 1867, §§ 26, 31, 34; *In re Orne*, 1 B. R. Supp., XVIII; *In re Jones*, 2 id., 20; *In re McVey*, id., 85; *In re Connell*, 3 id., 113; *In re Pierson*, 10 id., 193; *Book's Case*, 3 McLean, 317; *In re Sheppard*, 1 id., 115; *In re Murdock*, 1 Lowell, 362); that the conduct of the plaintiff in maintaining silence and refusing to prove his claim after knowledge of the bankruptcy proceeding, was a fraud upon the act, and estopped him from questioning the decree of the court (*Hoyt v. Jones*, 31 Wis., 398; *Hudson v. Bingham*, 8 B. R., 503); that the jurisdiction of the United States court was exclusive, and a state court had no power to pronounce the discharge invalid; that the proceeding was in the nature of a proceeding *in rem*, all the world being made parties by the publication of the required notice; and that the plaintiff's only remedy was by application to the court in which the discharge was granted. *Shawhan v. Wherritt*, 7 How. (U. S.), 627; 17 Curtis, 328; *Corey v. Ripley*, 57 Me., 69; 4 B. R., 164; *Whitehead v. Mallory*, 4 Gray, 184; *Delafield v. Freeman*, 6 Bing., 294; *Grant v. Lyman*, 4 Met., 472; *Gervis v. G. W. Canal Co.*, 5 M. & S., 78; *Voorhees v. U. S. Bank*, 10 Peters, 449; *Hunt v. Columbian Ins. Co.*, 55 Me., 290; *Rankin v. Goddard*, id., 389; Starkie on Ev., 372; *Nash v. Church*, 10 Wis., 312; *Kane v. Rock River Canal Co.*, 15 id., 179; *Dudley v. Mayhew*, 3

Coms., 10; *Millar v. Taylor,* 4 Burr., 2305; *Ocean National Bank v. Olcott,* 46 N. Y., 12; *Linn v. Hamilton,* 5 Vroom, 305; *Way v. Howe,* 108 Mass., 502; *Oates v. Parish,* 47 Ala., 157; *Parker v. Atwood,* 52 N. H., 181; *Dusenbury v. Hoyt,* 53 N. Y., 521; *Allstown v. Robinett,* 9 B. R., 74; 37 Texas, 56; *In re Archebrown,* 7 Ch. Leg. News, 99; *Lamb v. Brown,* id., 363; *Burnside v. Brigham,* 8 Met., 75; *In re Needham,* 1 Low., 309; 2 B. R., 124; *Burpee v. Sparhawk,* 108 Mass., 111; *Stevens v. Mechanics' Bank,* 101 id., 110; *Symonds v. Barnes,* 59 Me., 191; *Mitchell v. Singletary,* 19 Ohio, 291; *Fox v. Paine,* 10 Ala., 523; *Payne v. Able,* 4 B. R., 67; *Brown v. Rebb,* 1 Rich. Law., 374; *Randall v. Sutton,* 2 Houst., 510; *Hubbell v. Cramp,* 11 Paige, 310; *Mil. & St. P. R. R. Co. v. M. & M. R. R. Co.,* 20 Wis., 165; *Brigham v. Claflin,* 31 id., 607; *Bryant v. Small,* 35 id., 205.

COLE, J. This is an action on a promissory note. The defendant set up in his answer, as a defense, his discharge in bankruptcy, and upon the trial gave in evidence the certificate of his discharge in due form. The plaintiff then gave in evidence, against the objection of the defendant as to their admissibility, the proceedings in bankruptcy, for the purpose of showing that he was not named as a creditor in the schedule of debts filed by the bankrupt; that his name did not appear in such proceedings; and that no notice in writing of those proceedings was ever personally served upon or mailed to him. It did, however, appear that the usual notice of the bankruptcy proceedings was published in the newspapers, and the plaintiff testified that he knew by hearsay of the pendency of the proceedings some months before the discharge was granted. The question therefore is, whether, upon such a state of facts, the discharge in bankruptcy is a bar to this action.

The counsel for the plaintiff insists that the certificate of discharge is not conclusive, but may be attacked for fraud or want of jurisdiction, in the state court. We will say at the

outset, that to our minds there is no evidence in the case which will warrant the inference that the bankrupt omitted the plaintiff's name from his schedule for any fraudulent purpose. The omission might have been entirely unintentional, a mere accident; and it is but fair to assume upon this record that it was. The question is not presented which was before the court in *Batchelder v. Low*, 43 Vt., 666, and in *Beardsley v. Hall*, 36 Conn., 270, as to the effect of a discharge obtained through fraud. In those cases it was held that where the bankrupt had been guilty of a fraudulent omission of a debt from his schedule, or had fraudulently omitted property from his schedule of assets, the discharge could be collaterally attacked or impeached on that ground in a state court. But the doctrine of these cases is manifestly not considered sound in *Corey v. Ripley*, 57 Me., 69; *Way v. Howe*, 108 Mass., 502; *The Ocean Nat. Bank v. Olcott*, 46 N. Y., 12; and *Oates v. Parish*, 47 Ala., 157, where the courts in effect hold that the certificate cannot be impeached in a state court on the ground that it was improperly granted, but the remedy given under the bankrupt law, by application to the district court of the United States to set aside the discharge, is exclusive of any other mode of impeaching its validity. And we are inclined to adopt this view of the law as the correct one. But, without dwelling upon that point, which is not in this case, what is the effect of the discharge as against a creditor whose name was omitted from the schedule without any fraudulent purpose or design on the part of the bankrupt, and who consequently was not personally notified of the pendency of the bankrupt proceeding? Can such creditor impeach the validity of the discharge, in a state court, for that reason; or is the discharge conclusive upon him? It was undoubtedly the duty of the bankrupt to make out and deliver to the messenger a correct schedule of his creditors, and an inventory of his estate, verified as required by the act (sections 11 and 42), in order that each creditor might have

notice of the proceeding and an opportunity to be heard in respect to it. But an unintentional failure to name a creditor in the schedule, or failure to receive personal notice of the proceeding, does not, we think, render the discharge void as against the creditor omitted. For, in addition to the notice by mail or personally, the law provides for the publication of notices in such newspapers as the warrant designates, and the publication of that notice must have the effect of making the proceeding binding on the plaintiff so far as the state courts are concerned. The publication of the notice is binding upon all persons, whether they have or have not actual knowledge thereof, so that the subsequent payment of a debt or the delivery of property to the bankrupt affords no protection as against the assignee. *Stevens v. Mechanics' Savings Bank*, 101 Mass., 109; *Burpee v. Sparhawk*, 108 id., 111. In *Burnside v. Brigham*, 8 Met., 75, it was decided that a creditor could not avoid a discharge in bankruptcy, under the law of 1841, by merely showing that the bankrupt in his petition omitted his name in the sworn list of creditors, and that by reason of such omission he had no notice of the proceedings, and could neither prove his claim against the bankrupt, nor oppose granting his discharge. It was held that, in order to avoid such discharge by reason of such omission, the creditor must show that the omission was willful and fraudulent. Although that case arose under a different statute, yet the reasoning of C. J. SHAW is strictly applicable to the question before us (see also *Re Needham*, 1 Lowell, 309); and we follow it as a correct exposition of the law of 1867.

The counsel for the plaintiff invokes the aid of the rule that every person is entitled to his day in court, and that, in order to bind him by a judicial proceeding, he must have notice thereof and an opportunity to be heard. This, as a general principle, is true, but it has its exceptions. *Burnside v. Brigham, supra; Shawhan v. Wherritt*, 7 How. (U. S.), 627.

In this case the only question to be considered was, whether

a discharge had been granted the defendant; and if so, it was conclusive upon the plaintiff in the state court. This view disposes of the case.

*By the Court.* — The judgment of the circuit court is affirmed.