SALTER vs. HILGEN and another.

*Vacating Judgments.*

Where a circuit court, having jurisdiction of the subject matter of an action and of the parties, renders judgment for the plaintiff as for default of an answer, before the time for answering has in fact expired, the judgment is *irregular but not void;* and the error, being that of the court, cannot be corrected *after the term,* by motion to vacate the judgment.

APPEAL from the Circuit Court for *Ozaukee* County.

The action was upon a promissory note made by the defendants to the plaintiff, and was commenced in the circuit court by due personal service of the summons upon each of the defendants, January 20, 1876. Upon proof of such service and of the nonappearance of either defendant, the court, on the 9th of February, rendered judgment by default for the plaintiffs against the defendants, for the amount due on the note. At a subsequent term, the defendants moved the court to vacate the judgment, on the ground that it was rendered prematurely. The motion was denied, and the defendants appealed from the order of denial.

The cause was submitted by both parties on briefs.

*Cotzhausen, Smith, Sylvester & Scheiber,* for appellants:

1. An error in conducting a proceeding in the manner prescribed by law is an irregularity; but where the proceeding is altogether unwarranted, totally dissimilar to that which the law authorizes, it is a nullity. 4 Wait's N. Y. Pr., 630. The defect in this case comes within the latter class, partaking of a jurisdictional nature. Defendant has a right to insist that his whole twenty days be allowed him to elect whether to defend or to make default. The entire twenty days constitute his day in court, and a default before their expiration is a proceeding wholly unwarranted and unauthorized by law. The defect is beyond amendment, and the judgment is absolutely void. 2. If any necessary proceeding be had on the

part of the plaintiff, either before or subsequent to the time prescribed by the practice of the court, it may be set aside for irregularity. *Watson v. Dore*, 2 M. & W., 386; 2 Wait's Pr., 630. 3. Where the irregularity affects substantial rights, the judgment must be set aside, on motion, without merits being shown; and the relief is not a matter of favor or discretion. 3 Wait's Pr., 732, and cases there cited. 4. A motion to set aside a void judgment is not barred by lapse of time, or by any *laches*. *Hunt v. Wallis*, 6 Paige, 371. 5. Conceding that a circuit court can not disturb its orders or judgments rendered at a former term, for the purpose of correcting its own errors, still its power to set aside a void or irregular judgment at a subsequent term does not admit of discussion. *Ætna Life Ins. Co. v. McCormick*, 20 Wis., 268; *Wadsworth v. Willard*, 22 id., 240; *Jenkins v. Esterly*, 24 id., 341.

*Frisby, Weil & Barney*, for the respondent:

The judgment was not void, the court having jurisdiction of the persons and of the subject matter, and the premature entry of judgment being a mere error or irregularity in practice. 4 Wait's Pr., 629, 630. A judgment in a court of record having jurisdiction of the subject matter and of the parties, however irregular it may be, is not void. *Walker v. Rogan*, 1 Wis., 597; *Tallman v. McCarty*, 11 id., 401. And the irregularity here, as it did not affect any substantial right, should be disregarded. Tay. Stats., 1447, § 44; *Bonnell v. Gray*, 36 Wis., 574. At least, the error, if any, can be reached only by appeal from the judgment; the court having no power, at a subsequent term, to vacate a judgment for mere error. *Loomis v. Rice*, 37 Wis., 262; *Eaton v. Young*, 36 id., 171; 3 Wait's Pr., 430.

Lyon, J. The defendants were entitled to the whole of the day on which the judgment was rendered, for appearance and answer, and hence the judgment was premature. If the judgment was void for that reason, the motion to vacate it, no

matter when made, should have been granted. *Landon v. Burke*, 33 Wis., 452. But if the judgment is not void, if the premature rendition thereof is merely an irregularity of practice, the motion at a subsequent term to vacate it came too late, and was properly denied. The error upon which the motion was based, was the error of the court; and no rule is better settled than that a court is powerless to correct its own errors after the adjournment of the term at which they were committed. *Pringle v. Dunn*, 39 Wis., 435. The controlling question is, therefore, whether the judgment is null and void because prematurely rendered, or merely irregular.

Mr. MacNamara, in his very excellent treatise on Nullities and Irregularities, defines a nullity to be, "such a defect as renders the proceedings in which it occurs totally null and void, of no avail or effect whatever, and incapable of being made so;" while an irregularity, as distinguished from a nullity, "consists either in omitting to do something that is necessary to the due and orderly conducting of à suit, or doing it in an unseasonable time or improper manner." (p. 4.) The learned author adds the following observations: "It is very difficult to give a concise, and yet sufficiently comprehensive definition of a nullity. Its character will be best understood by the decided instances of it, and by a reference to the incidents which pertain to it. Perhaps, however, it may be defined as a proceeding that is taken without any foundation for it, or that is essentially defective, or that is expressly declared to be a nullity by a statute." It is also said that an irregularity may be waived, while a nullity cannot; but the caution is added that *waiver* in the strict sense of the term is meant, and that the rule must not be carried so far "as to suppose that at *any* period, or under *any* circumstances, this objection must of necessity be available." (pp. 6–8.)

Notwithstanding general definitions, the courts have found it difficult to determine in many cases whether errors and omissions in the course of legal proceedings rendered the pro-

Salter vs. Hilgen and another.

ceedings void, or were mere irregularities. In doubtful cases, however, as the safer course, the courts incline to treat the defects as irregularities rather than as nullities. MacNamara, p. 6.

The distinction between a nullity and an irregularity is thus stated by Dixon, C. J., in *Tallman v. McCarty*, 11 Wis., 401: "No order which a court is empowered, under any circumstances in the course of a proceeding over which it has jurisdiction, to make, can be treated as a nullity merely because it was made improvidently, or in a manner not warranted by law or the previous state of the case. The only question in such a case is, Had the court or tribunal the power, under *any circumstances*, to make the order or perform the act? If this be answered in the affirmative, then its decision upon *those circumstances* becomes final and conclusive, until reversed by a direct proceeding for that purpose. In the case before us, it was for the circuit court to determine in the first instance when and how the authority with which it was invested to direct a sale, should be exercised; and if in so doing it committed an error, no matter how egregious, whether in the construction of the statute or otherwise, still the order was valid until reversed on appeal. It was a mere error or irregularity, which could only be taken advantage of by appeal, but cannot be inquired into in this proceeding." (p. 406.) We believe that the views of the court thus expressed by the learned chief justice are in entire harmony with the general doctrine on the subject as laid down by elementary writers, and as recognized and applied by the courts in numerous cases. It remains to apply the rules thus established to the present case.

The statute provides as follows: "From the time of the service of a summons in a civil action, or the allowance of a provisional remedy, the court shall be deemed to have acquired jurisdiction, and to have control of all the subsequent proceedings." R. S., ch. 124, sec. 14. In this case the summons was properly served, and the court thereby obtained

jurisdiction of the persons of the defendants. Of course the subject matter of the action (which is upon a promissory note) was also within its jurisdiction. Having jurisdiction of the parties and the subject matter, manifestly the court had jurisdiction to determine whether the defendants were in default when the judgment was rendered. It determined and adjudged that they were, and the legal result of that adjudication was a final judgment for the plaintiff for the amount due on the note. It is true that in adjudging the defendants in default, the court committed an error; yet, because it had authority to determine whether they were in default, under the rule of *Tallman v. McCarty*, the judgment founded upon such erroneous determination is not a nullity, but only irregular.

Another rule stated by Mr. MacNamara seems to confirm the rule of *Tallman v. McCarty*, and the application thereof to this case. He says: "And though a nullity cannot itself be rendered good, yet it seems that where the omission of a step altogether is a mere irregularity, if it be taken in such a manner as to be null, it is as no step, and the same as if it had been altogether omitted, and consequently renders the next step irregular and liable to waiver." (p. 11.) In the proceedings before us there are, or should be, three distinct steps, to wit: 1. The service of the summons. 2. The adjudication that the defendants were in default; and 3. The final judgment. The first step was regular, and conferred upon the court jurisdiction of the parties and control of the subsequent proceedings; and the second was erroneously taken, and at the worst was a nullity. Under the last mentioned rule, the third step — the rendition of final judgment — was an irregularity merely, and not a nullity.

In further confirmation of the rule of *Tallman v. McCarty*, and its application here, we find it laid down in 2 Chitty's Archbold, 786, that "if any necessary proceeding on the part of the plaintiff be not had within the time limited for it, or be

had before the time appointed for it by the practice of the court, it may be set aside for irregularity. * * So if final judgment be signed before the expiration of the time limited for signing it, the court will set it aside for irregularity." *Hyde v. Thrustout,* Sayer, 303; *Doe v. Hedges,* 4 Dowl. & Ry., 393. So too a judgment signed after the death of the defendant was set aside as irregular. *Harden v. Forsyth,* 1 A. & E. (N. S.), 177. Also a judgment for too large a sum was set aside as irregular. *Chapman v. Hicks,* 2 Dowl. Pr. Cas., 641. And Mr. MacNamara further illustrates the rule as follows: "Signing judgment against one not before the court is an act wholly without warrant or foundation; but if, on a verdict for £20, I enter up judgment for £40, here I have taken a step which I was entitled to take, entering a judgment being warranted by the verdict; but having taken it in an improper manner, it is an irregularity." (p. 4.)

In *Ætna Ins. Co. v. McCormick,* 20 Wis., 265, the rule under consideration was applied under circumstances very similar in principle to those of this case. A judgment had been entered on a five days' notice of application therefor, when the law required an eight days' notice. The circuit court, at a subsequent term, set aside the judgment because of such defect of procedure. This court reversed the action of the circuit court on the ground that the motion to vacate the judgment came too late, and thereby necessarily held that the defective proceeding merely made the judgment irregular. See Freeman on Judgments, §§ 97, 98.

The case of *Lampe v. Manning,* 38 Wis., 673, does not, as was claimed in argument, assert a different doctrine. It was there held that a judgment rendered on a legal holiday is void; and the reason given is, that on that day the court had no jurisdiction of the parties or cause. No such reason exists here.

A few observations upon the cases in California and Missouri, cited by the learned counsel for the defendants, must

Salter vs. Hilgen and another.

suffice. In *Stearns v. Aguirre*, 7 Cal., 443, a judgment was improperly entered by the clerk without the direction or authority of the court, and the judgment was held void, on the ground that the clerk is a ministerial officer. The distinction between a judgment thus entered and one rendered by the court, is thus stated: "If a judgment be pronounced by a court having jurisdiction, no matter how irregular it may be, it must stand until set aside or reversed on appeal; but when entered by a ministerial officer, without authority of law, it is wholly void." (p. 449.) *Kelly v. Van Austin*, 17 Cal., 564, is like *Stearns v. Aguirre*, and follows it. The Missouri cases are *Sanders v. Rains*, 10 Mo., 770; *Williams v. Bower*, 26 id., 601; *Howard v. Clark*, 43 id., 344. In each of these cases a justice of the peace issued a summons returnable at an earlier day than the law permitted, and the judgment for the plaintiff in each case was held to be a nullity. Not to dwell upon the wide distinction between courts of justices of the peace and courts of general jurisdiction, as respects questions of jurisdiction, it is perfectly apparent that none of those cases are in conflict with the views above expressed.

From the best consideration we have been able to give the subject, we are impelled, both on principle and authority, to the conclusion that the premature rendition of the judgment in the present case was merely an irregularity. We express no opinion as to whether the judgment should be reversed or affirmed on an appeal therefrom, or on writ of error.

The motion to vacate the judgment not having been made in time, the order of the circuit court denying such motion must be affirmed.

. *By the Court.* — Order affirmed.