BARNES and another vs. SCHMITZ.

*(1) What questions reviewed on* certiorari.    *(2) Jurisdiction of justice's court.*

1. In actions before a justice of the peace, a common-law *certiorari* reaches questions of jurisdiction only.

2. In an action upon contract for the value of a machine, the jury found generally for the plaintiffs, without finding expressly the amount of their damages, and the justice rendered judgment in their favor for the damages alleged in the complaint. *Held,* that this, if irregular, was *not jurisdictional.*

APPEAL from the Circuit Court for *Fond du Lac* County.

Action commenced in justice's court to recover $160, alleged to be the contract price of a machine sold to defendant by plaintiffs. The answer included a general denial. There was a general verdict for the plaintiffs, upon which the justice rendered judgment in their favor for the damages demanded, and costs. The cause being taken to the circuit court on a common-law *certiorari*, the justice's judgment was there reversed; and plaintiffs appealed from the judgment of the circuit court.

For the appellants, a brief was filed by *Giffin & Williams*, and the cause was argued orally by *Mr. Williams*.

The cause was submitted for the respondent on the brief of *Henry J. Gerpheide.*

COLE, J.    Chief Justice RYAN says, in *Varrell v. Church*, 36 Wis., 318–320: "This court has repeatedly held, as the law undoubtedly is, that a common-law *certiorari* reaches questions of jurisdiction only, not matters of error, in causes before justices of the peace." A number of cases are referred to in the opinion in confirmation of the remark. Such being the well settled rule of law, we have to inquire whether the alleged defect in the proceedings before the justice was one which affected his jurisdiction, or was at most merely error. For, unless the defect went to the very jurisdiction of the justice, depriving him of all authority to do what he did, it is only an irregularity as distinguished from a nullity (*Salter v.*

*Hilgen*, 40 Wis., 363), and cannot be corrected on common-law *certiorari*. It is said that the justice in this case had no jurisdiction whatever to give judgment against the defendant for $160 damages, because the jury failed to assess such damages in their verdict. The action was upon contract, to recover the value of a machine, and the jury found generally for the plaintiffs upon the issues made by the pleadings. Upon this verdict, the justice rendered a judgment against the defendant for $160 damages, the amount demanded in the complaint. Now, conceding, for the purposes of the argument, that this verdict was informal, and that correct practice required the jury to expressly find the amount of plaintiffs' damages as a foundation for a proper judgment, still it is very plain to us that at most this was only error in the proceeding. The verdict was surely not void for uncertainty; there was no difficulty in understanding it; and the justice entered judgment upon it according to its substantial meaning. The justice certainly had not lost jurisdiction of the cause, or of the parties, by anything which the jury had done or failed to do. And if the jury failed to assess the damages in their verdict, it was but a formal defect. It cannot be said that it was a matter which deprived the justice of jurisdiction over the cause, or rendered the judgment void. For the justice was acting within the scope of his legitimate authority, but did not carefully adhere to the prescribed mode of proceeding, for the reason that he failed to have the jury assess the plaintiffs' damages. This is the extent to which the objection goes. It relates merely to a question of regularity, and not to a jurisdictional matter. And the error, if error there was, could not be corrected on a common-law *certiorari*.

It follows from this view, that the judgment of the circuit court must be reversed, and the cause remanded with directions to that court to affirm the judgment of the justice.

*By the Court.* — So ordered.