## SALISBURY vs. CHADBOURNE and another, Executors.

EVIDENCE. *(1) Proof of falsity of sheriff's return must be clear.*
FORECLOSURE OF MORTGAGE. *(2) When judgment valid, though erroneous.*

1. The official return of the sheriff showing service of process can be overcome only by very clear and satisfactory proof of its falsity; and the evidence in this case is *held* insufficient for that purpose.
2. Judgment of strict foreclosure of a mortgage without a sale of the premises is *erroneous* if entered without consent (sec. 5, ch. 195, Laws of 1859), but is not therefore *void*.

APPEAL from the Circuit Court for *Columbia* County.

Plaintiff, as grantee of Abram Helms, by deed dated October 20, 1874, of his interest in the lands described in the foregoing case, brought this action to redeem from the deed to

Gross & March of October, 1859, with oral defeasance, described in that case.

The facts found by the court as to service of summons upon Abram Helms and wife in the foreclosure action brought by Gross & March against them and others, are sufficiently stated in the opinion. The other essential facts are stated in the report of the preceding case.

The circuit court dismissed the complaint herein; and plaintiff appealed from the judgment.

The cause was submitted for the appellant on the brief of *G. W. Cate*. He contended, among other things, 1. That the finding of the court as to the service of summons upon Abram Helms in the foreclosure suit was contrary to the weight of evidence. 2. That the judgment in that case, of strict foreclosure without sale, rendered without consent of parties in open court, was absolutely void for want of any power in the court to render it. Sec. 5, ch. 195, Laws of 1859; *Briggs v. Seymour*, 17 Wis., 255; *Roberts v. Spurr*, 3 Dowling P. C., 551; *Grandin v. Maddams*, 6 Dowl. & Lowndes, 241.

*E. Mariner*, for the respondents.

COLE, J. I. The appellant founds his right to redeem an undivided half of the lands on the conveyance which was made and delivered to him by Abram Helms and wife on the 20th day of October, 1874. The circuit court found that Abram Helms and wife were personally served with process in the action commenced by Gross & March, in 1863, to bar their rights in the mortgaged premises. As a matter of course, if they were thus served with process, they were concluded by the judgment in the action, and no longer had any interest in the premises to convey to the plaintiff. We think the finding of the court as to the service of process upon them was fully warranted by the evidence. There is no question as to the service made upon Mrs. Helms. The officer returned that he personally served the summons and complaint on Abram Helms by delivering to him, in person, a true copy thereof, and leaving the same with him in the county of Columbia, Wisconsin, on

the 30th of March, A. D. 1863. An attempt was made on the trial to impeach this return of the officer, and to show that it was false. Abram Helms testified that the summons in that action was never served upon him; that on the 30th of March, 1863, he was absent from home; that he was in Dane county; and that he first learned of the foreclosure in July, 1875, by an .examination of the records. He claimed that he had some memoranda, made at the time, of certain business transactions, which assisted his memory and enabled him to swear positively that he was not in Columbia county on the 30th of March. His testimony derives some slight support from the depositions of the plaintiff and L. W. French, read in evidence. On the contrary, the officer who served the process swears that he made the service on Helms according to his return; and he states some circumstances which make him confident that he made no mistake as to the person. We are quite well satisfied that the officer's testimony and return are correct. Mr. Helms does not stand in the light of a disinterested witness. His testimony is not calculated to inspire confidence. It is quite incredible that he should not have learned of the commencement of the suit from the process which was served upon his wife, even if he was not served. But we have no doubt that he was served as the return shows. The other witnesses might easily have been mistaken as to the precise time he was at their respective houses. The official returns of the sheriff can only be overcome by very clear and satisfactory proof that they are false. The nature and degree of the contradictory evidence in this case is not sufficient to overthrow and destroy the officer's return.

II. Assuming, therefore, as we feel fully authorized in doing, that the plaintiff's grantors were served with process in the foreclosure suit, the question arises as to the effect of the judgment in that action upon their rights. The judgment expressly professed to bar and foreclose them of all right to redeem the lands. Are they not bound by that judgment, and their rights concluded by it? It seems to us very plain that the question must be answered in the affirmative. It is in-

sisted, however, by the learned counsel for the plaintiff, that they were not barred and foreclosed of all right to redeem, because the judgment was one of strict foreclosure, and did not order a sale of the premises. While the judgment was undoubtedly erroneous for that reason, and might have been reversed on appeal, it certainly was not void, and cannot be treated as a nullity. It is said that sec. 5, ch. 195, Laws of 1859, applied to the case, and deprived the court of all power to render the judgment in question. But this seems to us a grave mistake. That section provides that in all cases of foreclosure of mortgages by the judgment or decree of a court, such judgment or decree shall direct and require the mortgaged premises to be sold, and that the equity of redemption shall not be foreclosed without such sale except by consent of parties in open court. This statute regulates the mode of proceeding in foreclosure cases; or rather it prescribes the nature of the judgment. If the judgment fails to conform to the one prescribed, as the one in question most certainly does, it is erroneous, and reversible on appeal. But the defect or error in the judgment cannot properly be said to take away the power of the court to render it. The court had jurisdiction of the parties and subject matter; it was authorized by the statute itself to render judgment of strict foreclosure on consent of the parties in open court. In this case it entered such a judgment without consent; in other words, it erred in the exercise of its jurisdiction. But "no order which a court is empowered, under any circumstances in the course of a proceeding over which it has jurisdiction, to make, can be treated as a nullity merely because it was made improvidently, or in a manner not warranted by law or the previous state of the case. The only question in such a case is, Had the court or tribunal the power, *under any circumstances*, to make the order or perform the act?" Dixon, C. J., in *Tallman v. McCarty*, 11 Wis., 402–407. The distinction between what amounts to a nullity and what is an irregularity in judicial proceedings, is very fully considered in *Salter v. Hilgen*, 40 Wis., 363. In that case, the circuit court, which had jurisdiction of the

persons and subject matter of the action, gave a judgment for the plaintiff as for a default of an answer, before the time for answering had in fact expired. It was held that this judgment was merely irregular and not void. Here the judgment was not the one prescribed by the statute; it should have been one for the sale of the premises, and not a strict foreclosure. *Briggs v. Seymour*, 17 Wis., 256. But the defect in the judgment was not of a jurisdictional nature. The judgment barring the right of redemption is binding upon all the parties over whom the court acquired jurisdiction.

It follows from these views that the judgment of the circuit court must be affirmed.

*By the Court.* — Judgment affirmed.

RYAN, C. J. I fully concur in the judgment in this case, decided while I was absent from the consultation room. And it affords me peculiar gratification to express my full concurrence in all that is said in Mr. Justice COLE's opinion, of the binding validity of judgments, however erroneous, within the jurisdiction of the courts rendering them, until reversed. This is the principle on which I rested my second ground of dissent in *Re Pierce* (44 Wis., 411), towards the end of the last term; though much better expressed in this case, especially in the comprehensive and admirable quotation from the language of DIXON, C. J., in *Tallman v. McCarty*. This is the second case in which the doctrine has been recognized since the decision of *Re Pierce;* Mr. Justice COLE, speaking for the whole court as in this case, having enforced the same doctrine in *Barnes v. Schmitz*, decided on the first day of this term (44 Wis., 482), as it had been held, I believe, in every case in this court, except the Pierce case.

Unless writs of *habeas corpus* should be held to suspend universal rules of judicial decision, I am unable to see why the judgment in *Re Pierce* is not overruled by this case and *Barnes v. Schmitz*.