MAGNUS, Appellant, vs. SLEEPER, Assignee, etc., Respondent.

*August 31 — September 20, 1887.*

*Assignment for benefit of creditors: Estoppel: Former adjudication.*

A creditor of one who has made an assignment for the benefit of cred-
itors, who has been served with due notice of an application to the
court by the assignee for a final settlement of his account, duly
filed, is a party to the proceeding and is concluded by an order
made thereon allowing the account, directing distribution, and
finding that such assignee has faithfully discharged the duties of
his trust, unless he appeals therefrom; and he is estopped thereby
from afterward proceeding to have the assignee removed on the
ground of fraud and maladministration occurring prior to the ap-
plication for discharge.

APPEAL from the Circuit Court for *Jefferson County.*

On November 5, 1883, one Joseph Bursinger executed an
assignment of his property for the benefit of his creditors,
to *Jonas H. Sleeper*, the respondent, and the same was filed
in the proper clerk's office on the following day. The as-
signee qualified as such, and proceeded to execute his trust
in attempted compliance with the statute. R. S. ch. 80.

The appellant, *A. Magnus*, was scheduled as a creditor
of the assignor, and filed due proof of his claim as required
by sec. 1699, R. S. January 20, 1885, the respondent filed
in the circuit court an extended report of his acts in the exe-
cution of his trust as such assignee, which includes state-
ments of the property received by him, and of his receipts
and disbursements, under the assignment. The report
shows, among other things, that the property so assigned
had all been disposed of; that he had paid no dividends to
general creditors, and that there remained in his hands a
balance of nearly $9,000. It also shows that a garnishee
suit, which had been brought against the respondent by one
Backhaus, a creditor of the assignor, and which had been
determined in favor of the latter by the circuit court, was

about to be appealed by Backhaus to this court. (It was so appealed and this court adjudged that the assignment was made with the intent to defraud the general creditors of the assignor. 66 Wis. 68.)

March 28, 1885, the respondent, in obedience to an order of the court, made at the instigation of certain of the creditors of the assignor, requiring him to do so, gave notice in the manner prescribed in sec. 1701, R. S., to all the creditors who had proved their claims against the assignor, that on the following April 20th, at an hour and place therein designated, he would apply to the court for a settlement of his account as such assignee. Thereupon more than fifty of the creditors joined in filing numerous specific objections to the account of the assignee theretofore filed. The appellant did not join in this proceeding.

The hearing on such application and objections was continued from time to time until June 8, 1886, when a full hearing thereof was had, and on the 30th of the same month the court made an order in and by which the account of the assignee was allowed, confirmed, and adjusted, the balance in his hands ascertained, and directions given for its distribution for expenses and to the creditors entitled thereto. It is found therein that the respondent "had faithfully discharged the duties of his trust as such assignee." It was also therein ordered that upon making such distribution of the balance in his hands, and filing due proof thereof in the court, "said assignee, *Jonas H. Sleeper*, be finally discharged of and from all duties and responsibilities as such assignee, and that thereupon the bond heretofore entered into by said *Jonas H. Sleeper*, as such assignee, with his sureties thereto, and which was filed in the office of the clerk of this court on the 6th of November, 1883, be discharged and vacated."

January 6, 1887, the appellant, *A. Magnus*, filed his petition in the circuit court, and obtained thereon an order on

the respondent to show cause why he should not be removed from his office of assignee. It is unnecessary to state the contents of the petition further than to say that neglect of his duty and many acts of fraud and maladministration are charged therein against the assignee as grounds for his removal. February 7, 1887, the order to show cause was heard. The assignee interposed no formal answer to the petition for his removal, but on such hearing filed proof of payment of the claim of Backhaus, and the distribution of the balance in his hands, for expenses, services and to creditors, according to the requirements of the order of June 30, 1886, and relied upon such order as cause against his removal. The court refused to remove the assignee, and made an order discharging the rule to show cause. The petitioner, *A. Magnus*, appeals from such order.

For the appellant there was a brief by *Frisby & Gilson*, and oral argument by *Mr. Frisby*. They contended that it was an abuse of discretion not to remove the assignee, he being an improper person for assignee, because interested in a fraudulent mortgage, and having misapplied the assets in paying it, instead of suing to set it aside. *Cram v. Mitchell*, 1 Sand. Ch. 253; *Reed v. Emery*, 8 Paige, Ch. 417; *Guerin v. Hunt*, 6 Minn. 375; *Backhaus v. Sleeper*, 66 Wis. 77; *Holden v. Meadows*, 31 id. 284; *Kuelkamp v. Hidding*, id. 503; *McLachlan v. Staples*, 13 id. 448; Kerr on Fraud, etc. 293, 294 and notes. The report filed by the assignee did not comply with the statute in respect to a final report, but is in fact merely interlocutory, and the accounting and order are not conclusive upon the creditor.

*Harlow Pease*, for the respondent.

LYON, J. In *Backhaus v. Sleeper*, 66 Wis. 68, a direct attack was made upon the assignment now under consideration, and it was held that the same was executed with intent to defraud the general creditors of the assignor. Backhaus

thereupon became entitled to payment of his claim out of the fund in the hands of the assignee, and the same was properly so paid. No such attack is made by the appellant, but he is in court admitting the validity of the assignment, and only demands the removal of the assignee named therein, and that some other person be appointed to execute the trusts of the instrument.

It may be conceded that the petition, standing alone, states sufficient cause for removing the respondent, and appointing another to administer the trusts arising under the assignment; and also that the allegations of the petition in that behalf are not expressly denied. The question then arises whether the order of June 30, 1886, is conclusive against the prayer of the petition.

The account rendered by the respondent January 20, 1885, upon which the order of June 30, 1886, is founded, is a substantial compliance with the requirements of sec. 1701, R. S. Were it not so, each creditor of the assignor has had his day in court to make objection to it, for each of them, including the appellant, was served with due notice of the application for a final settlement of such account. A large number of such creditors (but not the appellant) availed themselves of that right by filing voluminous objections to the account, and resisting its allowance by the court. The appellant was served with proper notice of the application by the respondent to the court for a final settlement of his account. He was therefore a party to that proceeding, and is concluded by the order of June 30, 1886. At least, he is concluded by everything in it which the statute contemplates it shall contain. The statute requires the court to hear any objections made by any creditor, to take proper evidence, and to settle and adjust the accounts and the compensation and expenses of the assignee, whether objection thereto be made or not. It also provides that the order of the court thereupon "shall be conclusive upon all parties,

including the sureties of the assignee." The statute also gives the assignee, or any creditor, the right to a bill of exceptions, and an appeal to this court from the order of the circuit court. Sec. 1701.

It is plain that, before the court is prepared to make the final order for the settlement of the assignee's account, it must determine whether he has fully discharged the duties of his trust, and it could not properly approve the account, without determining that he has performed those duties. Having so determined, it is proper to recite such determination in the order of approval, although it may fairly be inferred from the allowance and approval of the account. In this case the order contains a recital that the assignee has faithfully discharged the duties of his trust, and in addition thereto approves and allows his account. All of the alleged misconduct and neglect of duty, charged against the respondent in the appellant's petition, occurred before the application for a settlement of the assignee's account, and are, therefore, negatived by the order of June 30, 1886.

When a matter in issue between the parties has once been judicially determined by a court of competent jurisdiction, it cannot again be the subject of controversy between such parties, or those in privity with them, so long as such adjudication remains in force. No rule is more firmly established in the law. The order of June 30, 1886, adjudicated and negatived every charge against the respondent contained in the petition for his removal, whether of neglect of duty or actual maladministration of his trust. The order has never been reversed or vacated, but remains in full force. Hence it is binding upon the appellant, and he cannot be heard to controvert the findings upon which it is based. So, when the appellant presented his petition to the circuit court for the removal of the assignee, it had become verities in the case that the assignee had faithfully performed the duties of his trust, and that nothing remained to be done by

him but to distribute the trust funds in his hands as directed by the court. On the hearing of the petition for his removal, he showed that he had made such distribution. That terminated his duties as assignee, and the court afterwards made an order for his discharge and the release of his sureties.

Under these circumstances the removal of the assignee would have been an absurd and idle proceeding, and, the court very properly refused to remove him. The appellant's only remedy was by appeal from the order of June 30, 1886. Had he obtained a reversal of that order on the merits, he would have been in a position to petition for the removal of the assignee. But while that order remains of force, he cannot be heard to allege the previous misconduct of the assignee.

*By the Court.*— The order discharging the rule to show cause why the assignee should not be removed, is affirmed.