OSBORN and another, Plaintiffs in error, vs. DOBRINZ and another, Defendants in error.

*April 13 — May 23, 1893.*

*Voluntary assignment:· Discharge of assignor: When nonresident creditors bound: Constitutional law: Res adjudicata.*

1. Nonresident creditors who have appeared in assignment proceedings under ch. 80, R. S., and ch. 385, Laws of 1889, and have proved up their claims and received a dividend, are bound by the judgment therein discharging the assignor from his debts.
2. Questions as to the construction and constitutionality of the act of 1889, involved in the judgment of discharge, are *res adjudicatœ* by that judgment and cannot be raised by creditors who are bound thereby in a subsequent action upon a debt covered by the discharge.

ERROR to the Superior Court of *Milwaukee* County.

The facts are sufficiently stated in the opinion. To review a judgment in favor of the defendants, the plaintiffs sued out a writ of error.

The cause was submitted for the plaintiffs in error on the brief of *Shepard, Haring & Frost,* attorneys, and *Charles E. Shepard,* of counsel, and for the defendants in error on that of *Rietbrock & Halsey.*

To the point that the act of 1889, if construed retroactively, is void under both the federal and the state constitutions, as destructive of all remedy on a pre-existing debt, impairing the obligation of a contract, and depriving a creditor of his property without due process of law, counsel for plaintiffs in error cited *Sturges v. Crowninshield,* 4 Wheat. 529; *Ogden v. Saunders,* 12 id. 213; *Matter of Wendell,* 19 Johns. 153; *Blanchard v. Russell,* 13 Mass. 1; *Kimberly v. Ely,* 6 Pick. 440; *Pratt v. Chase,* 44 N. Y. 597; *Green v. Biddle,* 8 Wheat. 1; *State ex rel. Soutter v. Madison,* 15 Wis. 37; *Morris v. Carter,* 46 N. J. Law, 260; *Davis v. Rupe,* 114 Ind. 588.

To the point that a nonresident creditor, having voluntarily made himself a party to the assignment proceedings for the benefit of creditors, is bound by the decision of the state court to the same extent as a citizen of that state, counsel for defendants in error cited *Clay v. Smith*, 3 Pet. 411; *Baldwin v. Hale*, 1 Wall. 223; *Gilman v. Lockwood*, 4 id. 409; *Cole v. Cunningham*, 133 U. S. 107, 115.

ORTON, J. The plaintiffs in error, as a copartnership, brought this suit in the superior court of Milwaukee county against the defendants in error as a copartnership, to recover the sum of $375.50 for goods sold and delivered in October, 1888. The defendants answered in bar of the action, setting up their voluntary assignment of all their property for the benefit of creditors, without preference, to one Edward Upson on the 22d day of January, 1889, under ch. 80, R. S., and their discharge from all of their debts as such assignors and insolvent debtors by the circuit court of Milwaukee county, on July 15, 1889, under ch. 385, Laws of 1889, which took effect April 18, 1889. The plaintiffs appeared in said assignment proceedings, and, as creditors of the assignors, filed, proved, and insisted upon their said claim in this action, and as entitled to their equal share in the proceeds of the property of the defendants under said assignment, and received a dividend of 25.92 per cent. declared on the same, being the sum of $97.27 from the said assignee, with full knowledge of all said proceedings, July 29, 1889. The defendants made and filed their applications for discharge under said assignment from all of their debts on July 15, 1889, and the plaintiffs appeared thereto, objecting to said discharge on the ground that they were foreign creditors and that the defendants were not entitled to their discharge as against their claim. The plaintiffs admitted that all the proceedings in said assignment, including the discharge of the defendants thereunder, were

regular and in conformity with the statutes.   The plaintiffs were merchants in Chicago, Ill., when said debt was contracted; and the defendants were merchants in Milwaukee, in this state, at that time.   The plaintiffs set up and claimed in the trial court that they were not bound by said discharge, *first*, because they were nonresident creditors; *second*, because the said act of 1889 is not *retroactive*, so as to affect their claim contracted before it took effect; *third*, because if it is *retroactive* in effect, then said act is for such reason unconstitutional and void.   The superior court, on these facts, on motion, directed a verdict in favor of the defendants, and rendered judgment accordingly. The plaintiffs have sued out a writ of error.

There was no error in this.   The court ruled properly in so directing a verdict for the defendants, if for no other reason, because the said order or judgment of the circuit court of discharge under said assignment is final and conclusive, and *res adjudicata* of the same matters of this action, and therefore a bar.   The circuit court, both under ch. 80, R. S., and the act of 1889, had full and final jurisdiction of every question involved in this action, and its judgment in the matter is final and conclusive, and a bar to an action on all claims adjudicated therein.   This is the effect given to the discharge in secs. 15 and 18 of said act. In sec. 14 of said act the judgment of the court is made as effectual against the claims of nonresident creditors who have appeared in the assignment proceedings, proved their claims, and received any dividend thereon, as against the claims of resident creditors.   By sec. 16 an appeal may be taken to this court from said judgment in the same manner and within the same time, and bills of exception settled, as in ordinary civil actions.   The plaintiffs appeared and submitted to the jurisdiction of the court in that case, and waived any advantage they had as nonresident creditors by appearing, proving up their claim, and receiving a divi-

dend thereon; and they are as effectually bound by said judgment as any resident creditor.

The plaintiffs raise the question of the constitutionality of said act. That was properly a question in that case, and is presumed to have been decided by that court as well as all other questions involved, and on an appeal from that judgment of discharge the question might have been considered by this court. As to that question, as well as all other questions in the case, the judgment of discharge is *res adjudicata*, and cannot be reconsidered except on appeal. The time of appeal having expired, it was proper for the court to render judgment for the defendants as a final disposition of the case, with all the questions involved in it, including those raised in this case. The plaintiffs have lost their only and last chance to have these questions reviewed by their failure to appeal from the judgment of discharge. This court held in *In re Baker*, 72 Wis. 395, that on an appeal from the final order of settlement under sec. 1701, R. S., any antecedent orders in the matter can be reviewed as on an appeal from a final judgment. In *Thomas v. Jones*, 39 Wis. 124, it is held that a certificate of discharge in bankruptcy cannot be impeached in another action. The party questioning it must go into the same court and move to have it set aside; otherwise it is final as to all questions involved in it, if the court had jurisdiction of the case. In *Magnus v. Sleeper*, 69 Wis. 219, it is held that a creditor who is a party to the proceeding is concluded by the final order of settlement, under sec. 1701, R. S., from proceeding by petition to have the assignee removed on account of certain misconduct or neglect of duty. The present chief justice said in the opinion: " The order [of settlement] adjudicated and negatived every charge against the respondent [assignee] contained in the petition for his removal, whether of neglect of duty or actual maladministration of his trust. The order has never been reversed or vacated, but remains in full force. . . .

The appellant's *only* remedy was by appeal from the order." The judgment of discharge of the insolvent assignor from all of his debts, under the act of 1889, is a much more important adjudication than the order of settlement under the Revised Statutes, and more in analogy with other final judgments. The only remedy is by an appeal, as in other cases of final judgments. *Salisbury v. Chadbourne*, 45 Wis. 74; *Briggs v. Seymour*, 17 Wis. 256; *Barnes v. Schmitz*, 44 Wis. 482. This is a very plain question, and the principles of law governing it are elementary, and require no other authorities than the above, if any are needed.

*By the Court.*— The judgment of the superior court is affirmed.