CHARLES D. COLLINS v. WILLIAM J. DAVIDSON.

1. **Debt of Bankrupt not Discharged by Misnaming Creditor by Bankrupt.**

   A debt of a bankrupt due William J. Davidson is not discharged by scheduling it in the name of William F. Davison.

2. **Action by Creditor not Collateral Attack upon Bankruptcy Charge.**

   An action by Davidson on his debt against the bankrupt would not be a collateral attack upon the discharge in bankruptcy.

   [Syllabus by the court.]

Collins v. Davidson.

ERROR to common pleas court.

*J. P. Dawley,* for plaintiff in error.

*Weed, Miller & Nason,* for defendant in error.

MARVIN, J.

Davidson brought suit against Collins and for his cause of action set out that he held and owned a valid judgment against Collins, on which was due him from Collins something more than $150.

To this, the only answer of Collins is that on March 23, 1905, he was discharged in bankruptcy from all debts and claims, which by the bankruptcy laws of the United States were made payable against him or his estate, which existed on May 15, 1902, and that the claim of Davidson was one of those included in the discharge; that said discharge is still in full force.

Davidson admits by his reply that Collins was discharged in bankruptcy and that the order of discharge is in full force, but he denies that his claim is included in the discharge.

From the facts as agreed upon between the parties it appears that in the schedule of liabilities filed with the petition in bankruptcy the name "William J. Davidson" does not appear as a creditor; nor did he have actual knowledge of the proceeding in bankruptcy until after the order of discharge was made.

There was, however, in the schedule of liabilities, the name of "William F. Davison," whose residence was given at Cincinnati, Ohio, which was the place of residence of William J. Davidson. Notice of the proceedings was mailed to William F. Davison, Cincinnati, Ohio. Collins had no creditor by the name of William F. Davison residing at Cincinnati, Ohio.

The case was tried to the court, a jury being waived, and Davidson recovered. The present proceeding is brought to reverse such judgment. It is urged first, that Davidson's suit against Collins is in effect a collateral attack upon the discharge, which can not be maintained. This is unsound. No attack, collateral or otherwise, is made in the suit of Davidson,

upon the order of discharge. It is not contended that it is not in full force, but only that Davidson's claim is not affected by it. This seems perfectly clear, but if there ever could have been any doubt on the subject, it is settled by adjudication. The Supreme Court of Wisconsin in the case of *Custard* v. *Wigderson,* 150 Wis. 412 [110 N. W. Rep. 263], had the precise question before it, and the court held that though the order of discharge could not be collaterally attacked, the creditor, whose claim was not properly scheduled, and who was without actual notice, could maintain his action upon it.

The supreme court of New York, in *Sutherland* v. *Lasher,* 41 Misc. Rep. 249 [84 N. Y. Supp. 56; 11 Am. Bankr. Rep. 780], made the same holding, using this language in the syllabus:

"It does not constitute a collateral attack upon the discharge, generally, for the judgment creditor to oppose the motion to vacate his judgment where he merely insists thereon that the discharge did not discharge his particular claim."

And in the opinion, at page 782, it is said:

"On behalf of the motion it is further urged that the discharge in bankruptcy can not be collaterally attacked in this proceeding. No such attempt is made by the plaintiff. The validity and effectiveness of the discharge in general are not questioned, the only point raised being that it does not extend to this particular claim, for the reasons above mentioned."

There remains, then, for consideration, only the question of whether the schedule giving the name "William F. Davison, Cincinnati, Ohio," and the mailing of notice so addressed, was sufficient to charge William J. Davidson, of Cincinnati, Ohio, with notice.

Under the bankruptcy act of 1867 it was held in several cases, and perhaps uniformly, that a clerical mistake in the name of a creditor, who had no actual notice, was not fatal to the claim that the debt was included in the discharge. See *Thornton* v. *Hogan,* 63 Mo. 143 [17 National Bankr. Rep. 277], where it was held that a debt scheduled under the name of William T. Thomson and notice addressed by mail to him was

Collins v. Davidson.

sufficient, though the real name of the creditor intended was William T. Thornton. See also *Thomas* v. *Jones,* 39 Wis. 124, and *Osborn* v. *Dobrinz,* 85 Wis. 252 [55 N. W. Rep. 403]. Under the present statute, however, the decisions are at variance with those under the former.

In the case of *Custard* v. *Wigderson, supra,* this language is used in the opinion:

"But it will be seen that under the act of 1867 debts not scheduled were not excepted from the operation of discharge while under the bankruptcy act of 1898 they are. Section 17, Bank. act 1898, provides that a discharge in bankruptcy 'shall release a bankrupt from all his provable debts, except such as have not been duly scheduled.' This provision is a marked departure from former bankruptcy acts, and decisions under such acts, to the effect that scheduling was not necessary in order to bring the debt within the order of discharge. The words of the present act, however, are plain and unambiguous, and there can be no doubt that they mean what they say; and if so, unless the debt is duly scheduled in time for proof and allowance, or the creditor had notice or actual knowledge of the proceedings in bankruptcy, it is not affected by the discharge."

Further on in the opinion this is said:

"So far as the courts have spoken upon the subject, since the bankruptcy act of 1898, they hold that extreme exactness must be used in scheduling the creditors by name in the bankruptcy proceedings."

The above case is followed by citing a large number of authorities.

In this case it was held that the schedule giving the name "A. Castard" was not such as to bar "Custard" from maintaining an action on his claim, notwithstanding the discharge.

To the same effect is the case of *Haack* v. *Theise,* 51 Misc. Rep. 3 [99 N. Y. Supp. 905; 16 Am. Bankr. Rep. 699], where in the opinion this language is used:

"The schedule of debts which the bankrupt files furnishes the basis for the notice to be sent and thus the bankrupt ap-

pears to be made responsible for the correctness of the list of his creditors."

So far as the probability that a letter mailed to William F. Davison, Cincinnati, Ohio, would reach William J. Davidson, Cincinnati, Ohio, it may be illustrated by referring to the city directory of Cleveland, the population of the two cities not differing widely in number. There are ten Davisons given in the Cleveland directory, one of whom is given as "Wm." and one as "W." In the same directory at least fifty Davidsons are given, two of whom are Wm., one Wm. A., one Wm. L., two Wm. R., one Wm. D., and one Wm. W.

It will thus be seen that the notice sent in this case, addressed as the debt was scheduled, would in all probability fail to reach the real creditor. The debt was not properly scheduled, and the judgment of the court was right and is affirmed.

**Winch** and **Henry, JJ.,** concur.