STAFFORD, Appellant, v. GENERAL SUPPLY COMPANY, a Copartnership, Respondent.

*September 11—October 7, 1958.*

138

For the appellant there was a brief by *Stafford, Pfiffner & Stafford* of Chippewa Falls, and oral argument by *Robert F. Pfiffner*.

For the respondent there was a brief and oral argument by *Vance L. Sinclair* of Chippewa Falls.

HALLOWS, J. The question raised on this appeal is whether the issues raised in the counterclaims of the defendant have been so adjudicated between the plaintiff and defendant in the assignment proceeding and in the assignee's action as to be *res judicata* in this action. This question is

raised both by a motion to strike and by a motion for summary judgment. The appellant states in his brief the motion to strike was used in an endeavor to avoid any contest of any issue as to the technical nature or statutory requirements regarding summary judgment, and claims the motion is in effect in the nature of a demurrer but that the court may consider motion papers, the circuit court actions, and matters extrinsic to the pleading. This motion to strike incorporating matters extrinsic to the pleadings is not the equivalent of a demurrer and cannot be treated as a demurrer for the purpose of appeal. This court has held a motion to strike out in its entirety a separate defense is in legal effect a demurrer. *Williams v. Journal Co.* (1933), 211 Wis. 362, 247 N. W. 435. But this motion only seeks to strike out certain allegations in the counterclaims and is not the equivalent to a demurrer. *Britz v. Chilsen* (1956), 273 Wis. 392, 78 N. W. (2d) 896. Neither is a motion to strike matters from portions of the pleading as irrelevant the equivalent of a demurrer. *Paraffine Companies v. Kipp* (1935), 219 Wis. 419, 263 N. W. 84. It has been held many times a motion to strike irrelevant parts of an answer pleaded in its entirety is not appealable. *Gilbert v. Hoard* (1930), 201 Wis. 572, 230 N. W. 720; *Britz v. Chilsen, supra.* Furthermore, the motion to strike was not timely made. A motion to strike to be considered appealable as the equivalent of a demurrer must be made within the time allowed for a demurrer. However, on the appellant's theory and purpose of the motion, the parts of the counterclaim sought to be stricken could only be frivolous, irrelevant, and redundant if the doctrine of *res judicata* applied.

The appellant contends that in the ch. 128, Stats., proceeding the question of whether he was a partner of the Wisconsin Home Building Company was determined. This issue was raised collaterally on the appellant's claim against the partnership based on a promissory note of the partnership and his liability as surety on two notes of the partnership

to banks for which he had security. One of the creditors, W. H. Hobbs Supply Company, objected to the claim of the plaintiff, one of the grounds being that the plaintiff was a partner of the assignor. It does not appear in the record why the receiver did not make or interpose the objection or that the creditor complied with sec. 128.15, Stats., which permits a creditor to file objections to a claim if the receiver or assignee refuses to file or fails to act. In the assignment action the defendant filed its claim for $3,287.30. The court ultimately held the appellant was a claimant. The hearing on his claim was combined with the hearing in the action commenced by John Varga, as assignee, against the appellant, the respondent, Wally Jacobson, and other creditors. The appellant also contends that in this action it was also determined he was not a partner of Wisconsin Home Building Company. The issue was raised between the appellant and another defendant, W. H. Hobbs Supply Company, in its answer. It does not appear that this answer was ever served on the respondent.

The action brought by Varga was to establish title to six homes built on land owned by the appellant and to recover certain property converted by Wally Jacobson. No relief was asked or sought against the respondent except there was a prayer that all claims be determined, a receiver appointed, and the assets marshaled. The complaint was verified by Varga as assignee although he was appointed receiver in the assignment proceeding seven days earlier. The prayer for relief as to claims and marshaling of assets was improper as the circuit court already had jurisdiction under ch. 128, Stats. It appears from the minutes of the clerk that the issues in the claims in the assignment proceeding and the issues raised by the cross complaint in the Varga action were consolidated for trial.

It further appears the morning of the day of trial and part of the afternoon were spent by attorneys in conference with the trial judge and later testimony was taken only of Wally

Jacobson and of appellant although other witnesses were subpoenaed. Neither the testimony nor any exhibits appear in the record. The trial actually consumed an hour. At its conclusion a motion was made by the appellant for detailed findings, which was granted. Findings of fact and conclusions of law were entered in the two cases, which provided, among other things, that the assignment was valid; that Wally Jacobson was the sole proprietor and the appellant was not a partner and never held himself out as such to anyone or that he agreed at any time to become obligated to pay anyone for material, services, expenses, or obligations of Wisconsin Home Building Company; and that there was no joint venture between the appellant and Wisconsin Home Building Company.

The findings further provided the six dwelling houses were real estate and subject to a first lien of the appellant and the appellant was a preferred and secured creditor and had a first lien on the said six lots to secure his claim as surety. The claims of the O & N Lumber Company and W. H. Hobbs Supply Company were stated to be preferred and secured on the same lots but secondary to the claims of the appellant. There does not appear to be any findings on the liability of Wally Jacobson for converting material to his own use. The findings point out that the claim of the O & N Lumber Company and W. H. Hobbs Supply Company were assigned and the record discloses that on February 3d, two days after the trial, these claims were assigned to the appellant. Later, upon a hearing for discharge of the receiver in the assignment action, the respondent was ordered to show cause why it should not be bound by the findings and the judgment. The trial court refused to pass on the question of the effect of the findings and stated the dispute was one to be resolved in an action between the interested parties.

The respondent was not a party in the ch. 128, Stats., proceeding other than as a claimant who filed his claim. He did not take part in the collateral issue raised by the one

creditor's objection to the appellant's claim. Some determinations in proceedings under ch. 128, Stats., are binding on all creditors. Sec. 128.20 (2), Stats., 20 West's Wis. Stats. Anno., Title 14, p. 83, provides that the order of the court settling and adjusting the receiver's or assignee's accounts and the compensation and expenses of such receiver shall be conclusive on all parties. This court has held that the determination discharging the receiver is *res judicata* as to a creditor who has been served with notice of the application for discharge since he was a party as to that determination. *Magnus v. Sleeper* (1887), 69 Wis. 219, 34 N. W. 149. In *Osborn v. Dobrinz* (1893), 85 Wis. 252, 55 N. W. 403, the court held creditors who had proven their claims and received a dividend were bound by the judgment therein discharging the assignor from his debts. In *Littlejohn v. Turner* (1888), 73 Wis. 113, 40 N. W. 621, the court held a creditor was bound by the judgment of the court authorizing the sale of the assigned property free and clear from all liens and incumbrances.

On the facts we do not believe the respondent was a party within the scope of the doctrine of *res judicata* or estoppel by judgment to the collateral issues raised by one creditor against the claim of the appellant. The receiver or assignee seemed to have been pushed aside in the proceeding and in the trial of the same issues raised between the same two creditors as defendants in what apparently started out as an adversary action by the assignee against the appellant and Jacobson. We are not deciding that the doctrine of *res judicata* would not apply if the receiver had objected to the claim of the appellant and had raised and litigated fully the issue of the appellant's status as a partner.

In order for a judgment to be *res judicata* the issue must be between the same parties or their privies. The respondent was not a party to or in privity with any other defendant to the issues in the plenary action or with the objecting creditors in the ch. 128, Stats., proceeding. It is true the respond-

ent was a named party in the action but no cause of action was alleged and no relief was asked against it. A person should not be bound for purposes of *res judicata* in an action in which he is named a defendant when no cause of action is alleged against him and no relief is asked against him, and when the only allegation respecting him is that he is a creditor of the assignor whose assignee is bringing the suit.

As a general rule a judgment is conclusive in a subsequent action between the same parties to the same cause as to all matters which were litigated. See 5 Callaghan's, Bryant, Wisconsin Pleading and Practice (3d ed.), p. 386, sec. 37.110, and cases therein cited. One of the issues raised was whether the appellant was a partner by estoppel. It is difficult to see how in a controversy between the appellant and the W. H. Hobbs Supply Company this issue could be determined as against the respondent, who relied on representations made to it. The evidence would be different and not within the scope of the evidence in the prior proceeding and action. One of the standard tests of whether the causes of action are the same within the rule is whether the same evidence will sustain both. *Nickoll v. Racine Cloak & Suit Co.* (1927), 194 Wis. 298, 216 N. W. 502.

The appellant's further contention is that the second counterclaim does not state a cause of action. This question cannot be considered on summary judgment or the motion to strike. The proper pleading is a demurrer. A motion to strike seeks only a ruling on the relevancy of the matter challenged as irrelevant. *Bolick v. Gallagher* (1954), 266 Wis. 208, 63 N. W. (2d) 93. Summary judgment cannot be used in place of a demurrer. *Paraffine Companies v. Kipp* (1935), 219 Wis. 419, 263 N. W. 84. In *McLoughlin v. Malnar* (1941), 237 Wis. 492, 495, 297 N. W. 370, this court said: "The summary-judgment procedure is not calculated to supplant the demurrer, or motion to make pleadings more definite and certain, nor is it to be a trial on affidavits. It is aimed at a sham answer which is intended

to secure a delay." A review of the whole record discloses the pleading of the defendant is not frivolous, irrelevant, or a sham, and substantial issues of fact exist between plaintiff and defendant which ought to be tried.

*By the Court.*—The appeal from the order denying the motion to strike is dismissed; the appeal from the order denying the motion for summary judgment is affirmed.

MARTIN, C. J., took no part.